THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

MARGARET O'KEEFE.

*Filed at Mt. Vernon January 14, 1895.*

1. APPEALS AND ERRORS—*when motion for new trial is not necessary.* The action of the trial court in giving and refusing instructions may be reviewed on appeal or writ of error, although no motion for new trial is preserved by bill of exceptions.

2. NEGLIGENCE—*riding on platform of baggage car.* It is error for the court to instruct the jury, as a proposition of law, that riding on the steps or platform of the baggage car of an express train is not negligence.

*Illinois Central Railroad Co. v. O'Keefe*, 49 Ill. App. 320, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Union county; the Hon. J. P. ROBARTS, Judge, presiding.

This was an action on the case, brought in the Union circuit court by the administratrix of John O'Keefe, deceased. The facts upon which it is claimed the plaintiff's cause of action rests are few, and we believe there is no conflict in the evidence as to any of the facts that are material.

John O'Keefe held a free pass from the appellant over the Illinois Central railroad for the year 1892, which free pass had endorsed upon it certain printed conditions, which were signed by O'Keefe. One of the conditions was, that O'Keefe assumed all risk of accident, and expressly agreed that appellant should not be held liable, under any circumstances, for any injury to his person. He traveled frequently on the trains over appellant's railroad, and had a tie contract with appellant. On the 10th of August the passenger train numbered 4, and called "the limited" or "the vestibule," reached Anna in the morning on time. Anna was one of the regular stopping places of train No. 4, which only stopped at the most

important stations. O'Keefe had business that day at
Makanda, which was not one of the regular stopping
places of train No. 4, and he intended to go to Carbon-
dale on No. 4 and return south to Makanda on another
train. No. 4 stopped at the passenger depot at Anna
that morning the usual length of time for letting off and
taking on passengers, but O'Keefe did not go to the depot
and get on the train. After the train had started from
the Anna depot O'Keefe came from the north along the
side of the track, and after the train was going three or
four miles an hour he climbed upon the front platform
of the baggage car next to the tender and sat down on
the west side—either on the platform on the west side or
on the steps to the platform on the west side. He was
seen climbing on the front platform of the baggage car,
but the conductor and trainmen did not know he was
there. The conductor saw a person climbing on the plat-
form of the baggage car, but did not know it was O'Keefe,
and supposed it was some one passing across the train,
as such things were common at Anna. Between Cobden
and Makanda this train No. 4 collided with a freight
train, and the west part of the front of the baggage car
was mashed in, and O'Keefe was killed while sitting on
the steps on the west side. None of the passenger cars
were derailed, and no part of the train No. 4 was injured
except the front part of the baggage car where O'Keefe
was sitting. Besides O'Keefe, only one other person on
the train was injured, he having his teeth loosened. The
collision occurred between seven and eight o'clock A. M.
No. 4 was on time. The collision occurrred in conse-
quence of an error in an order, known as order No. 20.
That order was sent from Centralia to three places—
Mounds, Anna and Makanda. When received at Mounds
it said, "No. 54 is an hour late." When received at Anna
it said, "No. 54 is an hour late," and that was what it said
when it left Centralia, but when the same order No. 20
reached Makanda it said that No. 4 was an hour late,

At Makanda the erroneous order was given to freight train No. 81, and that train proceeded on its way south, supposing that No. 4 was an hour late, and the result was a collision.

A trial was had in the circuit court, which resulted in a verdict and judgment for plaintiff for $2280, and an appeal was prosecuted to the Appellate Court for the Fourth District. The manuscript of the record made by the clerk had incorporated in it a recital that a motion for new trial was made, and that an order overruling the same was entered and an exception taken thereto. The motion for new trial and the exception thereto were not incorporated in the bill of exceptions. No objection, motion or suggestion was made by appellee showing that fact, but the Appellate Court, finding this defect in the bill of exceptions, affirmed the judgment because no motion for new trial was properly shown to have been made, and for the same reason declined to consider the question as to whether there was error in the instructions given for plaintiff. The appellant, on the filing of the opinion in the Appellate Court, being advised of the omission in the bill of exceptions, filed its petition for a rehearing, on which a *supersedeas* issued, and on the first day of the next term the appellant entered its motion for leave to file an amended record instanter, which amended record was submitted with said motion. The amended record so filed shows a judgment of the circuit court finding that the motion for new trial, and the exception of the defendant thereto, should be part of the bill of exceptions, and was accidentally omitted therefrom. The Appellate Court denied the motion for leave to file an amended record, and denied a rehearing under rule 40 of that court, which is incorporated into the record, which rule was adopted August 28, 1886, and is as follows: "Applications for rehearing will be entertained in that class of cases only in which the decisions of this court cannot be reviewed by the Supreme Court."

The appellant prosecutes this appeal, and assigns error in the Appellate Court, first, because of refusing to consider the evidence because of no motion for new trial being incorporated in the record; second, in refusing to allow appellant to file an amended record; third, in refusing to grant a rehearing; fourth, in refusing to consider the question as to whether the court gave improper instructions for plaintiff; fifth, in refusing to consider whether the court refused to give proper instructions asked by the defendant; and sixth, in affirming the judgment of the circuit court.

William H. Green, for appellant.

H. F. Bussey, and William A. Schwartz, for appellee.

Phillips, J.: In this State the rule is settled that an appellate tribunal cannot inquire into the sufficiency of the evidence to support a judgment unless there is an exception to the finding and judgment when tried by the judge without a jury, or a motion for new trial and exception to the overruling of the same where a trial is had by jury. (See *Firemen's Ins. Co.* v. *Peck*, 126 Ill. 493, and cases cited.) At common law the granting of a new trial was a question of discretion, and an exception to overruling a motion for new trial was unknown to the practice, under the strict rules of the common law. The early practice in this State was in accordance with those principles, and the right to except to a judgment of a court overruling a motion for a new trial is purely statutory. The first legislation on the subject of exceptions to the decision of a trial court in this State is found in the Revised Code of Illinois of 1827,—section 19 of "An act concerning practice in courts of law,"—and has been continued substantially to this time, and is now section 60 of our present Practice act. The next legislation on that question was an act of June 21, 1837, which, with slight modification, constitutes section 62 of our Practice

act. It is by this legislation that the right to except to a decision overruling a motion for new trial was first given in this State, and the question of practice thereunder, and the incorporation of the motion for new trial in the bill of exceptions, growing out of the decisions of this court, has grown into a rule of law, which is clearly recognized and declared in rule 9 of the rules of this court.

Whilst it is necessary that a motion for new trial should be incorporated in the bill of exceptions where it is desired to challenge the sufficiency of the evidence to support the findings, it is also necessary in such case that the whole evidence shall be therein incorporated, and it must be so stated. But where the propriety of giving or refusing instructions is sought to be presented, neither a motion for new trial nor all the evidence in the case is required to be inserted. At common law the correctness of the charge of the judge was always subject to review where it was properly incorporated in the bill of exceptions, as here, and such is the rule declared by the decisions of this State, regardless of the fact that a motion for new trial is not in the bill of exceptions.

In *McClurkin* v. *Ewing*, 42 Ill. 283, the court holds: "It is true, the record in this case, after setting forth the rendition of the verdict, contains this statement: 'Whereupon the plaintiff, by her attorney, moves for a new trial, which motion the court denied, and plaintiff, by her attorney, excepts.' But this ruling is not made a part of the bill of exceptions, or preserved, as a reason for the reversal of the judgment. The whole case is put, by the bill of exceptions, on the instructions of the court, and that is the only question now properly before us."

In *Reichwald* v. *Gaylord et al.* 73 Ill. 503, the court held there was not error in giving instructions, and then held further: "In regard to the second point made, that the verdict is not sustained by the evidence, the bill of exceptions contained in the record does not show that a

motion was made for a new trial, or that the court ever passed upon or overruled a motion of that character. Even if it were true that the evidence was not sufficient to authorize the judgment, we would not disturb it, unless a motion had been made for a new trial, overruled by the court, and exception taken, and this preserved by a bill of exceptions."

In *Nason* v. *Letz,* 73 Ill. 371, it was held: "It is urged by defendant in error that the bill of exceptions does not purport to contain all the evidence, and for that reason the court should not consider the error assigned on the exclusion of the power of attorney and the deed. In this, defendant in error misapprehends the practice. Where the error assigned questions the finding of the jury under the evidence before them, all the evidence must be preserved in the bill of exceptions, and it must so state, or we will presume the evidence warranted the finding. Where, however, that question is not raised, but a question as to the admissibility of a specific item of evidence, and it is stated that the evidence, with that offered, tends to prove the issue, no further evidence need be set out to raise the question of the admissibility of that particular item of evidence.   *   *   *   So where a party only desires to question the decision of the court in giving or refusing instructions, it is seldom necessary to set out all the evidence in the case, nor do we regard it as the best practice.   Where it is stated that the evidence tended to prove the issues in the case, but was conflicting, the propriety of giving or refusing an instruction is as fairly presented as by setting out voluminous questions and answers, which impose on attorneys an unnecessary amount of labor and oppress parties with unnecessary costs.   It requires no great skill to so prepare a bill of exceptions as to present such questions without embodying all the evidence in the record."

In *Schmidt* v. *Chicago and Northwestern Railway Co. et al.* 83 Ill. 405, it was held: "It is urged that as the whole of

the evidence does not appear in the bill of exceptions, we will presume that the evidence so clearly sustains the finding that we should not disturb it, notwithstanding the errors in permitting the illegal challenges and erroneous instructions. We cannot so hold. Before the law required us to pass upon the weight of evidence, when preserved, to show the jury had found against it, the practice was to simply state in the bill of exceptions that the evidence tended to prove a fact, that this court might see whether the instructions given on that point were correct. The whole of the evidence was never preserved in the record in a suit at law when brought to this court. Nor has the statute changed the practice where error is assigned on anything but the finding of the court or jury on the facts."

In *Thompson* v. *People,* 125 Ill. 256, it was held : "The bill of exceptions before us shows only the instructions given and refused, and the rulings thereon. The presumption therefore is, that the ruling of the court upon every point of practice not embraced in the motion to arrest and the rulings upon instructions, was correct."

It was the duty of the Appellate Court to determine the correctness of instructions given for the plaintiff on the trial, as well as the correctness of the ruling of the court in refusing instructions asked for the defendant, notwithstanding the fact that no motion for a new trial appeared in the bill of exceptions.

For errors of the trial court in giving instructions, the judgment of that court and the judgment of the Appellate Court will have to be reversed, and we will not discuss the error assigned on the record of the Appellate Court for the refusal of that court to allow the appellant to file its supplemental record with its petition for rehearing.

The fifth instruction given for the appellee states as a proposition of law that it was not negligence, of itself, for O'Keefe to ride on the steps or platform of the car.

Whether a person is guilty of negligence is usually a question of fact, to be found by the jury, and an assumption of negligence on the part of the appellant, or that the deceased was not negligent, cannot be stated, under the facts of this case, as a matter of law. What will be deemed reasonable care, in any case, by one who is injured in a collision, must always depend on the peculiar circumstances of the particular case. Whether a person was using due care at the time he was killed must ordinarily be determined by showing the surrounding facts, so far as it can be done, and submitting the question to the jury.

Other clauses of the fifth instruction, and the sixth and seventh instructions, are erroneous, but cannot be discussed without entering into a discussion of the evidence.

In the condition of the record, with the errors already pointed out in the action of the Appellate and trial courts, which necessitate a reversal, we will not enter on a discussion of the evidence, and the cause will be remanded to the circuit court of Union county for a new trial.

*Reversed and remanded.*