## George Retzer v. Rosa Gourley.

1. APPELLATE COURT PRACTICE—*Exceptions Must Be Preserved.*— An appellate tribunal can not inquire into the sufficiency of the evidence to support a judgment, unless there is an exception to the finding and judgment when the trial is by the judge without a jury, or a motion for a new trial and exception to the overruling of the same when the trial is by jury.

Action for Slander.—Trial in the Circuit Court of Calhoun County; the Hon. THOMAS N. MEHAN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

GREATHOUSE & SELBY, attorneys for appellant.

F. A. WHITESIDE, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant in an action on the case for slander. A trial by jury resulted in a verdict and judgment against appellant for $1,000, from which he has appealed to this court and assigned errors upon the record by which he seeks a reversal of such judgment. The errors assigned and argued are that the verdict is against the evidence, the court admitted improper evidence, and gave improper and refused proper instructions to the jury.

The condition of the record in this court is such that we are, by the well established rule of practice, forbidden to consider any of the errors urged upon our attention. No motion for a new trial is contained in the bill of exceptions. The rule is settled in this State that an appellate tribunal can not inquire into the sufficiency of the evidence to support a judgment, unless there is an exception to the finding and judgment when tried by the judge without a jury, or a motion for a new trial and exception to the overruling of the same when a trial is had by jury. I. C. R. R. Co. v. O'Keefe, 154 Ill. 508, and cases cited. It follows, therefore, that we can not inquire into the alleged error that the verdict is not supported by the evidence. For the same reason we are prohibited from inquiring into the question whether the court erred in the rejection or admission of evidence. It was only ground for a new trial if erroneous, and should have been so urged, and on overruling the motion for a new trial, it should have been preserved in the bill of exceptions before error could be assigned on that decision of the court. Nason v. Letz, 73 Ill. 371, and cases cited. None of the instructions, given or refused, are contained in the bill of exceptions, and neither argument nor authority is needed to prove we can not consider the errors assigned upon them in this court. The judgment of the Circuit Court will be affirmed.