## David Bennett v. The Brown Hoisting and Conveying Machine Co.

89   113
s96   514

1. PRACTICE—*What a Motion to Direct a Verdict Admits.*—The maker of a motion to direct a verdict in his favor admits the truth of all opposing evidence and all inferences which may be fairly and rationally drawn from it, but such motion does not involve a determination of the weight of evidence or the credibility of witnesses.

2. MASTER AND SERVANT—*Liability of the Master in Ordering the Servant to Perform Dangerous Work.*—A master is liable to a servant when he orders him to perform a dangerous work unless the danger is so imminent that no man of ordinary prudence would incur it.

3. SAME—*Right of the Servant to Assume That the Master Will Not Expose Him to Unnecessary Peril.*—When the master orders the servant to perform his work, the latter has a right to assume that the master, with his superior knowledge of the facts, will not expose him to unnecessary peril, and may rest upon the assurance that there is no danger which is implied by such an order.

4. SAME—*Primary Duty of the Servant.*—The master and servant are not altogether upon a footing of equality. The primary duty of the servant is obedience, and he can not be charged with negligence in obeying the order of the master unless he acts recklessly in so obeying.

5. SAME—*Whether He Acts Recklessly, Questions of Fact.*—The questions as to whether a servant acts recklessly in obeying the orders of his master or whether he acts as a reasonably prudent person would act under the circumstances, are questions of fact for the determination of the jury.

6. SAME—*When the Servant is Entitled to Have His Case Submitted to the Jury.*—Where it is apparent from the evidence that the servant was sent to perform a dangerous work at a place where there was a concealed exhaust steam pipe, the existence of which he had no knowledge, and that by reason of the confusion caused by the simultaneous rushing of steam from it and the starting of the machinery, an accident occurred in which he was injured, it was *held* that there was sufficient evidence tending to show a right to recover to be submitted to a jury for their determination.

7. APPELLATE COURT PRACTICE—*Exceptions to Decisions of the Trial Court in Improperly Excluding Evidence.*—A decision of the trial court in improperly excluding competent evidence, if excepted to at the time, may be assigned for error in the Appellate Court although no motion for a new trial is made.

8. SAME—*Where the Propriety of Giving or Refusing Instructions is Sought to be Raised.*—Where the propriety of giving or refusing instructions raises only a question of law, if sought to be raised in the Appellate Court, a motion for a new trial is not required to be inserted in the bill of exceptions.

Action in Case, for personal injuries.   Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the August term, 1899.   Reversed and remanded. Opinion filed October 19, 1899.   Rehearing denied April 12, 1900.

CHENEY & EVANS, attorneys for appellant.   MEERS & BARR and JAMES S. HARLAN, of counsel.

GARNSEY & KNOX, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellant against appellee, to recover for injuries occasioned to him while oiling machinery belonging to the latter, in January, 1895.

At the time of the accident and for some time before, appellee was carrying on operations as a contractor upon a portion of the Chicago drainage canal in Will county.   In the prosecution of its work appellee used, in hoisting rocks and other debris out of the bed of the canal and depositing the same upon the bank, a certain ponderous piece of machinery, commonly called a cantalever.   Appellant was a sailor, and in 1893 he, in company with several other sailors, was employed in setting up one of these cantalevers.   These men were not mechanics, but they worked under the direction of

a skilled foreman, and were employed because portions of the cantalever stood very high in the air, and being sailors they were more accustomed to working at higher altitudes than ordinary mechanics.

Appellant was engaged in this work about six weeks. Subsequently in November, 1894, appellant was again employed by appellee as a laborer, his principal work being to help a boilermaker, who had charge of the repairs on the iron buckets in which the rock and other material were hoisted out of the bottom of the canal. In December, appellant was directed by the foreman to go to the cantalevers, there being three of them in number, where the man in charge of oiling would show him how to oil the machinery. Appellant did as directed and was shown how to oil the various parts of the machines. The cantalever rested upon a platform, and this in turn upon car wheels running upon railroad tracks, so that the structure could be moved along the banks of the canal. Around the axle of the track wheels was a journal box filled with waste, which appellant was instructed he must keep well oiled or it would burn out. The top of the box was stationary, the platform resting upon it, but the bottom part could be removed for the purpose of oiling and replacing the waste. This lower part was fastened to the upper by bolts passing through the top of the box, the nuts on which had to be loosened when oil or waste was put in the box. In taking off the lower part of the box the oiler had to use both hands, one to hold the lower part of the box so that it would not fall, and the other to unscrew the nuts at the top. It therefore became necessary for him to place his arms between the spokes of a track wheel, and this was the way appellant was instructed to do it by the regular oiler.

At the time the accident occurred appellant was engaged for the first time in oiling this box, having both his arms through the track wheel, when a sudden rush of steam from a pipe under the platform came into his face and caused him to throw up his right hand over his eyes. At the same time the wheel started to roll and his left arm

was thereby so injured that it afterward had to be amputated. The regular oiler had never told him about the steam pipe and appellant testified that he had never seen it, and did not know it was there until at the time the accident occurred. Upon the conclusion of appellant's case, the evidence was, upon motion of appellee, excluded by the court from the jury and a peremptory instruction given to the jury to find the defendant not guilty.

The question presented to us is, whether the court was justified in taking the case from the jury and holding, as a matter of law, upon the evidence in the case, that appellant was not entitled to recover.

The maker of a motion for an instruction to direct a verdict in his favor, admits the truth of all opposing evidence and all inferences which may be fairly and rationally drawn from it. The motion does not involve a determination of the weight of the evidence nor the credibility of witnesses. Offutt v. Columbian Exposition, 175 Ill. 472. Taking all the evidence submitted for appellant as true, we find that he was sent to perform a dangerous work at a place where there was a concealed steam exhaust pipe, of which he had not been informed, and the existence of which he did not know; that by reason of the confusion caused. by the simultaneous rushing of steam from this pipe and starting of the machinery, the accident occurred.

In the case of Illinois Steel Co. v. Schymanowski, 162 Ill. 447, it is said:

" A master is liable to a servant when he orders the latter to perform a dangerous work, unless the danger is so imminent that no man of ordinary prudence would incur it. * * * When the master orders the servant to perform his work, the latter has a right to assume that the former, with his superior knowledge of the facts, would not expose him to unnecessary perils; the servant has a right to rest upon the assurance that there is no danger, which is implied by such an order. The master and servant are not altogether upon a footing of equality. The primary duty of the latter is obedience, and he can not be charged with negligence in obeying an order of the master, unless he acts recklessly in so obeying. Whether he acted thus recklessly

in obeying his master's order, or whether he acted as a reasonably prudent person should act, are questions of fact to be determined by the jury."

We are therefore of opinion that there was sufficient evidence tending to show a right to recover, admitting all of the evidence submitted by appellant to be true to be submitted to a jury for their determination, and that the court erred in excluding the evidence and directing a verdict for appellee.

The bill of exceptions, in this case, does not show any motion for a new trial or ruling thereon. It is therefore urged by appellee that the court can not inquire into the sufficiency of the evidence to support the judgment in this case, and that the same should be affirmed.

The action of the court in sustaining the motion by appellee to exclude the testimony from the jury, directing a verdict for appellee, was excepted to by appellant.

In the case of Smith v. Gilett, 50 Ill. 290, it was held that a decision of the trial court improperly excluding competent evidence, if excepted to at the time, may be assigned for error in the Appellate Court, though no motion for a new trial has been made, and the holding was based upon the theory that if it was an error it was an error of law which a motion for a new trial could not have reached or remedied.

In the case of Illinois Central R. R. Co. v. O'Keefe, 154 Ill. 508, it was held that where the propriety of giving or refusing instructions is sought to be presented, a motion for a new trial is not required to be inserted in the bill of exceptions. Upon consideration of the whole case we hold that the instruction in question raised only a question of law and that a motion for a new trial was not necessary.

The judgment of the court below will therefore be reversed and the cause remanded for another trial.  Reversed and remanded.