## People, etc., use of County of Pike, v. Addison Cadwell et al.

1. RECORD—*Imports Absolute Verity.*—The record of a court of record imports absolute verity upon its face, and can not be impeached by oral statements in a mere collateral way.

Appeal from the Circuit Court of Pike County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

J. D. HESS, EDWIN JOHNSON and WILLIAM MUMFORD, attorneys for appellant.

A. G. CRAWFORD, attorney for appellee.

OPINION PER CURIAM.

The only errors assigned upon the record here are that the trial court rejected proper evidence offered by appellant, and that the court erred in rendering judgment against appellant in bar of the action.

It appears from the bill of exceptions contained in the record that appellees introduced the record of a former judgment of the Circuit Court of Pike County, between appellant and appellee Cadwell, to which no objection was made. Appellant then called as a witness the clerk of that court, who was asked when such record was made, and also whether such record was made by the clerk or deputy from the judge's minutes, or partly from directions or information from persons other than the judge of the court, to which the court sustained objections and the appellant excepted. There appears no question that the record introduced was the record of the Circuit Court of Pike County, and being such it imported absolute verity upon its face, and it was not material when the clerk in fact wrote the record, for when written it alone could speak for itself, and it would be a dangerous rule to adopt that the clerk or any other per-

son could, by oral statement, contradict or impeach, in a mere collateral way, as this would be, the integrity of the record of a court of general jurisdiction. We think the court properly rejected such evidence, and this being the only exception preserved in the bill of exceptions concerning the admission or rejection of evidence, the first assignment of error is therefore unavailing to effect a reversal of the judgment.

The second and only remaining error assigned is that the court erred in rendering such judgment. In order to raise this question for the consideration of this court appellant should have taken and preserved in the bill of exceptions an exception to the finding or judgment of the court, a jury having been waived. This was not done, and by the well settled law we are, for such reason, forbidden to consider the questions argued by counsel under this head. Retzer v. Gourley, 80 Ill. App. 630, and cases cited. The judgment of the Circuit Court will therefore be affirmed.