## John Gerhards v. Ben Johnson.

1.   APPELLATE COURT PRACTICE—*Must Review Correctness of Instructions Notwithstanding No Motion for a New Trial Appears in Bill of Exceptions.*—It is the duty of the Appellate Court to review the correctness of instructions given for the plaintiff on the trial, as well as the correctness of the ruling of the court in refusing instructions asked for the defendant, notwithstanding no motion for a new trial appears in the bill of exceptions.

2.   DEDICATION—*A Question of Fact.*—Whether a strip of land along a highway has been dedicated to the public for a part of the road is a question of fact for the jury.

Trespass, to real estate.   Appeal from the Circuit Court of Montgomery County; the Hon. TRUMAN E. AMES, Judge presiding.   Heard in this court at the May term, 1902.   Reversed and remanded.   Opinion filed November 1, 1902.

W. M. TODD, and ZINK, JETT & KINDER, attorneys for appellant.

LANE & COOPER, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant sued appellee before a justice of the peace for trespass to real estate, and the case having been taken to the Circuit Court by appeal, the trial by jury there was ended by the direction of the court, contained in an instruction given at his instance, to find for the defendant, to which action of the court plaintiff excepted.   The court gave judgment upon the verdict against appellant in bar of the action and to reverse the judgment this appeal is brought and such action of the court, in so directing the verdict, is argued to effect such reversal.

The bill of exceptions contains no motion for a new trial, nor exception to the overruling of such motion, and for this reason counsel for appellee insist that no question is properly presented to this court for its decision.   Appellant's counsel, in their reply brief, rely only upon the instruction of the court to find the verdict and the rulings of the court

upon the admission of evidence, and insist this court may consider these questions without a motion for a new trial having been made in the trial court, and cite I. C. R. R. Co. v. O'Keefe, 154 Ill. 508, to sustain their contention. It was held in that case that it was the duty of the Appellate Court to review the correctness of instructions given for the plaintiff on the trial, as well as the correctness of the ruling of the court in refusing instructions asked for the defendant, notwithstanding no motion for a new trial appeared in the bill of exceptions, and reversed its judgment because it did not. Under this authority we may, at least, consider the propriety of the instruction of the court to find their verdict for the defendant.

Appellant owned land adjoining to a public road, and, as he testified, he set out a hedge upon his land eight feet and eight inches from the line of the highway in order that he might have room to trim it without encroaching upon the road. Appellee, as one of the highway authorities, excavated some of the earth upon the strip, claiming it as part of the highway, and that it had been dedicated to the public, to which appellant objected at the time. Appellee introduced no evidence, and at the close of the plaintiff's evidence the court directed the verdict as previously said.

Whether the strip of land was a part of the highway, whether it had been dedicated to the public for a part of the road, and whether plaintiff was in the possession thereof when the suit was brought, were all questions of fact for the determination of the jury, under proper instructions. In the determination of a question of fact, the citation of numerous authorities, as has been done in this case by the counsel, affords little assistance to the court, and it would be useless for us to endeavor to review them, for they could have no application to the question we have decided.

In our opinion, the evidence should have been submitted to the jury for their own verdict, and it was prejudicial error for the court to direct the verdict as it did, and for this the judgment will be reversed and the cause remanded.