## William H. Fosbury v. Aurora, Elgin & Chicago Railway Company.

### Gen. No. 13,941.

1. INSTRUCTIONS—*what question of law presented by motion for peremptory instruction.* The motion of a defendant to direct a verdict of not guilty presents to the trial court the question of whether, taking as true the testimony most favorable to the plaintiff and drawing therefrom the inferences most favorable to him that could properly be drawn, the jury could properly find a verdict in favor of the plaintiff.

2. INSTRUCTIONS—*when question of propriety of giving peremptory, saved for review.* By taking an exception to the giving of a peremptory instruction and taking a bill of exceptions containing all of the evidence, *saves* for review the question of the propriety of such instruction under the evidence in the case.

3. TRESPASSERS—*duty of railroad company towards.* A railroad company owes to a trespasser on its tracks and right of way no duty except to refrain from wantonly or wilfully injuring him. The fact that many other persons have been in the habit of traveling on the right of way of such company and no measures had been taken to prevent it, does not operate to change the relative rights of such a trespasser and the company.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed May 1, 1908.

MARK J. SULLIVAN, for appellant; JOHN F. MAHON, of counsel.

HOPKINS, PEFFERS & HOPKINS, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries, the court, at the close of plaintiff's case, on the motion of the defendant, directed a verdict of not guilty, and to reverse the judgment entered on that verdict the plaintiff prosecutes this appeal.

The bill of exceptions shows that plaintiff excepted to the giving of said instruction; that on the return of the verdict the plaintiff, "Moved the court to set aside the verdict so rendered and grant a new trial, for the reason that the verdict is contrary to the law and evidence, but the court denied the motion and gave judgment on the verdict against the plaintiff; to which decision of the court, in denying said motion, and entering judgment, the plaintiff, by his counsel, then and there excepted." Plaintiff filed no written motion for a new trial, nor any points in writing specifying the grounds of his verbal motion. The bill of exceptions purports to contain all of the evidence.

The motion of the defendant to direct a verdict of not guilty presented to the trial court a question of law, viz.: the question, whether taking as true the testimony most favorable to the plaintiff and drawing therefrom the inferences most favorable to him that could properly be drawn, the jury could properly find a verdict in his favor.

We think that the plaintiff, by taking an exception to the giving of the instruction and taking a bill of exceptions containing all of the evidence, saved for review the question of the propriety of such instruction under the evidence in the case. I. C. R. R. Co. v. O'Keefe, 154 Ill. 508.

Defendant operated on its own right of way an electric passenger railroad. The electric current was carried by an uncovered third rail laid on the same ties with the rails on which the cars ran. The road crossed the Desplaines river on a bridge, the approach to which from the west was over an embankment of considerable height. Some distance above this bridge was a bridge of a steam railroad company. On the day of the accident, plaintiff went out from the city on one of defendant's trains which he left at Desplaines avenue, a station east of the Desplaines river. He then went north to the steam railroad, crossed on its bridge to the west side of the river. There was

a path to the south over private property along the west bank of the river from the right of way of the steam railroad to defendant's right of way. At one time there was a barbed wire fence on the north line of defendant's right of way, but a gap a hundred feet wide had been in this fence where the path came to it, for two or three years before the accident. A considerable number of persons were in the habit of going south in this path daily, through the gap in the fence up the side of the embankment to its top, and then walking east on the embankment and over the bridge to the east side of the river, and a path had thereby been worn up the side of the embankment. There was no footway of any kind on the bridge, and persons crossing the same had to walk on the rails or on the cross ties. The nearest station on defendant's road to the west was about half a mile from the point where this path came to the top of the embankment, and the nearest station to the east was at Desplaines avenue, about the same distance away and on the other side of the river.

Plaintiff testified that he had never heard of a third rail, and knew nothing of the danger attending contact with it; that he walked south in the path on the west side of the river and up defendant's embankment and turned to the east to go over the bridge; that he stepped, or stumbled, on said third rail and thereby was burned and seriously injured by the electric current which it carried. There is no allegation that the defendant wilfully or wantonly injured the plaintiff. The negligence alleged is a failure to guard or protect said third rail or to place safeguards or warnings around said third rail.

From a careful review of the evidence we are led to the conclusion that the plaintiff was a trespasser on the tracks and right of way of defendant, and that defendant therefore owed him no duty except to refrain from wantonly or wilfully injuring him. The fact that many other persons had been in the habit of

traveling on defendant's right of way and no measures had been taken to prevent it, did not change the relative rights of the plaintiff or of the defendant. I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R. R. Co. v. Hetherington, 83 *id.* 510; Blanchard v. L. S. & M. S. Ry. Co., 126 *id.* 416; I. C. R. R. Co. v. O'Connor, 189 *id.* 559; Roden v. G. T. Ry. Co., 133 *id.* 72.

We think that the trial court did not err in directing a verdict for the defendant, and the judgment will therefore be affirmed.

*Affirmed.*