## Mary Kelly, Appellee, v. The Aurora, Elgin & Chicago Railroad Company, Appellant.

### Gen. No. 5578.

1. APPEALS AND ERRORS—*when rulings upon instructions saved for review.* If the bill of exceptions shows an exception to the action of the court in refusing an instruction the propriety of such action is saved for review without a motion for a new trial appearing in the bill of exceptions.

2. APPEALS AND ERRORS—*when sufficiency of evidence not saved for review.* If the motion for a new trial has been withdrawn the sufficiency of the evidence to support the verdict is not saved for review.

3. INSTRUCTIONS—*when motion for peremptory should be denied.* Upon a motion for a peremptory instruction a question as to where the preponderance lies is not to be considered but the instruction asked is to be refused if there is evidence tending to prove the plaintiff's contentions.

Action in case for personal injuries. Appeal from the City Court of Aurora; the Hon. E. M. MANGAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

HOPKINS, PEFFERS & HOPKINS and FRANKLIN B. HUSSEY, for appellant.

B. P. ALSCHULER, R. C. PUTNAM and J. C. JAMES, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Mary Kelly, appellee, sued the Aurora, Elgin & Chicago Railroad Company, appellant, for personal injuries alleged to have been received by her on one of its street cars. She claimed $10,000 damages. The company introduced in evidence an instrument purporting to be a release of the damages. At the close of all the evidence the company moved the court to exclude the evidence and direct a verdict of not guilty.

This motion was denied and the instruction accompanying it refused. She had a verdict for $900. The company made a motion for a new trial, which it later withdrew. Judgment was entered on the verdict. The company prosecutes this appeal.

The only error assigned for a reversal of the judgment of the court below was the overruling of the motion at the close of all the evidence to instruct the jury to find appellant not guilty, and in refusing the instruction tendered therewith, for the reason that the release admitted in evidence was a bar to appellee's cause of action.

It was held in Illinois Central Railroad Company v. O'Keefe, 154 Ill. 508, and in Yarber v. Chicago and Alton Railway Company, 235 Ill. 589, that the action of the trial court in giving and refusing instructions may be reviewed without a motion for a new trial, where the rulings thereon have been excepted to and incorporated in the bill of exceptions. The bill of exceptions shows an exception to the action of the court in overruling the motion and in refusing the instruction. This authorizes this court to review the action of the trial court in refusing to instruct the jury to find appellant not guilty.

The evidence shows that Dr. MacDonald, appellant's physician, and Adams, its claim agent, visited appellee at her home six days after the accident and had a conversation with her; that the sum of $25 was agreed upon to be paid to her; that Adams presented her with a paper and asked her to sign it; that her daughter was called in from an adjoining room and wrote appellee's name, and appellee made her mark; and that Adams gave her a check for said sum. Appellee testified that Adams told her that it was a receipt for damages to her clothing and an umbrella that were injured in the accident, and for the wages of her daughter who gave up her employment for a period on account of appellee's injury; that nothing was said about its be-

ing a settlement for her injuries; that she did not read the paper as she was too nervous, and her head and eyes were so bad that she could not see with her glasses; that it was not read to her and that she took Adams' word that it was a receipt. The daughter testified that Adams asked her to sign a receipt; that she did not read the paper and he did not read it to her; that he did not tell her what was in it; that she thought she was signing a receipt; that she heard him say to her mother that the $25 was for damages done to the clothing and umbrella and for two weeks' wages. Adams testified that he read the entire paper to appellee; that he told her it was a regular form of release used in the settlement of claims, or words to that effect. MacDonald also testified that Adams read the paper to appellee and that she said it was satisfactory.

The release in its terms is sufficient to release any damages appellee may have sustained. If, however, appellee's evidence is true, and she was induced to sign the release by representations that it covered merely her claim for damages to her clothing, the umbrella and for the daughter's wages or if she signed it under such a belief, induced by the words or acts of Adams and MacDonald, her evidence tended to impeach the validity of the release. Illinois Central Railroad Company v. Welch, 52 Ill. 183; Chicago, Rock Island and Pacific Railway Company v. Lewis, 109 Ill. 120; Papke v. Hammond Company, 192 Ill. 631; Chicago City Railway Company v. McClain, 211 Ill. 589; Hartley v. The Chicago and Alton Railroad Company, 214 Ill. 78; Ohlmeyer v. Am. Steel and Wire Co., 168 Ill. App. 195, opinion filed by us this day. Since there was evidence tending to impeach the validity of the release, it was the duty of the court below, in passing on the motion to direct a verdict, to assume that such evidence was true, refuse the instruction, and submit the question whether the release was executed under such circumstances that it was not

binding upon appellee, to the jury, as a question of fact, even if the verdict, if returned, should be set aside for the reason that it was against the manifest weight of all the evidence, and a new trial granted, because in passing on a motion for a peremptory instruction the question of the preponderance of the evidence does not arise at all. Libby, McNeill & Libby v. Cook, 222 Ill. 206.

Notwithstanding the fact that the only error assigned was the court's refusal to direct a verdict, appellant's argument is really that we should weigh the evidence and hold that Dr. MacDonald and Adams told the truth and that their evidence entirely outweighs and overcomes the evidence of appellee. The question of the sufficiency of the evidence to support the verdict of a jury and the judgment rendered thereon is not open to review, even in courts having jurisdiction to determine that question, unless a motion for a new trial has been made, and the motion overruled and the exception thereto preserved by the bill of exceptions. Reichwald v. Gaylord, 73 Ill. 503; Law v. Fletcher, 84 Ill. 45; Illinois Central Railroad Company v. O'Keefe, *supra*. It may very well be that if appellant had not withdrawn its motion for a new trial we would be compelled to hold that there was a clear preponderance of the evidence that appellee understood and knew what she was doing when she signed the release, and is bound by it; but by withdrawing the motion for a new trial, appellant had withdrawn the question of the sufficiency of the evidence to sustain the verdict from our consideration.

The court did not err in refusing to direct a verdict for appellant, and the judgment is therefore affirmed.

*Affirmed.*