Theodore Dahms, Plaintiff in Error, v. Marshall E. Sampsell, Receiver of Chicago Union Traction Company, Defendant in Error.

Gen. No. 17,286.

1. APPEALS AND ERRORS—*when bill of exceptions does not purport to contain all the evidence.* The action of the trial court in giving certain instructions may be reviewed though the bill of exceptions does not purport to contain all the evidence.

2. STREET RAILROADS—*instruction as to breach of duty in failing to ring gong on street car.* In a personal injury action, where plaintiff an employe of defendant, while sweeping the tracks, was struck by a car, an instruction to the effect that the only purpose of ringing a gong is to notify persons on or near the track of the approach of a car and if plaintiff saw the car in time to avoid injury by the exercise of ordinary care, then defendant is guilty of no breach of duty in failing to ring the gong, is proper.

3. STREET RAILROADS—*where plaintiff steps on track after seeing car.* In a personal injury action, where plaintiff, an employe of defendant, while sweeping the track, was struck by a car, an instruction to the effect that if plaintiff saw the car approaching and stepped to a place of safety and then stepped towards the track and in front of the car, and the car could not be stopped by the exercise of ordinary care in time to avoid striking plaintiff, then defendant should be found not guilty, though subject to criticism, is not reversible error.

4. STREET RAILROADS—*contributory negligence.* In a personal injury action, where plaintiff, an employe of defendant, while sweeping the track, was struck by a car, an instruction to the effect that if plaintiff saw the car approaching and stepped to a place of safety and then stepped so near the track that he was struck by the car and that in so stepping towards the track he failed to exercise ordinary care for his own safety and thereby caused or proximately contributed to cause the accident, he cannot recover, is not erroneous.

5. STREET RAILROADS—*where plaintiff does not look and listen.* In a personal injury action, where plaintiff, an employe of defendant, while sweeping the track was struck by a car an instruction to the effect that if plaintiff knew cars were frequently passing at the place where he was working and that ordinary care for his own safety required him to look and listen and that he did not and thereby caused or proximately contributed to cause the accident, he cannot recover, is not erroneous.

6. MASTER AND SERVANT—*where plaintiff could have performed his work without standing on track.* In a personal injury action, where plaintiff, an employe of defendant, while sweeping the track, was struck by a car, an instruction to the effect that if plaintiff in performing the work could as well have stood outside of the track, and that ordinary care for his own safety required him to do so and that his failure to do so caused or proximately contributed to cause the accident, he cannot recover, is not erroneous.

Error to the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

WALTER A. BRENDECKE, for plaintiff in error.

IRA C. WOOD and FRANK L. KRIETE, for defendant in error; JOHN R. GUILLIAMS, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendant receiver operated a street railway in Chicago and plaintiff was employed by him as a laborer. He was, while sweeping into a pile sand and gravel that had been scattered along defendant's tracks, struck by one of defendant's street cars and injured. He brought suit in the Superior Court and the trial resulted in a verdict of not guilty. A motion for new trial was overruled and judgment *nil capiat* entered, to reverse which plaintiff prosecutes this writ of error. The bill of exceptions states what the evidence for the respective parties tended to prove, and the ground of reversal urged is that the giving of instructions 10, 11, 12, 13 and 15, given for defendant, was erroneous. The negligence alleged is, that the defendant negligently, etc., without reasonable or timely warning to plaintiff, caused one of the street cars to

be run along said tracks near to and beyond the place where plaintiff was at work and to come in contact with the plaintiff, whereby he, while in the exercise of ordinary care, etc., was injured.

We think the question whether the court erred in giving the instructions complained of is properly before us, although the bill of exceptions does not purport to contain all the evidence. Illinois Cent. R. Co. v. O'Keefe, 154 Ill. 508.

The following are the instructions complained of:

"10. The court instructs you that the only purpose of ringing a gong or bell is to notify persons on or near the track of the approach of a car. And if you believe from the evidence, under the instructions of the court, that the plaintiff saw said car approaching in time to avoid injury therefrom by the exercise of ordinary care, then the defendant was guilty of no breach of duty in failing to ring the bell on the car, if they did so fail.

"11. If you believe from the evidence, under the instructions of the court, that the plaintiff saw said car approaching at the time and place in question, and that when said car was so approaching and near to him he stepped away from the track and to a place of safety, and that he then turned or stepped towards the track and in front of the car, and that the said car could not then be stopped by the exercise of ordinary care in time to avoid striking plaintiff, then you should find the defendant not guilty.

"12. If you believe from the evidence, under the instructions of the court, that plaintiff saw said car approaching at the time and place in question, and stepped away from the track and to a place of safety, and then turned or stepped towards the track and so near thereto that he was struck by the car, and that in so stepping or turning towards the track, if he did so, he failed to exercise ordinary care for his own safety, and thereby caused or proximately contributed to cause the accident, then he cannot recover in this case and you should find the defendant not guilty.

"13. If you believe from the evidence, under the instructions of the court, that plaintiff knew at the

time and place in question that cars were frequently passing, on the tracks at the place where he was working, and that ordinary care on his part for his own safety under all the circumstances of the case, as shown by the evidence, required him to look and listen for the approach of cars, and that he did not, at the time and place in question, look or listen for the approach of cars, and thereby caused or proximately contributed to cause the accident, then the plaintiff can not recover in this case, and you should find the defendant not guilty."

"15.  If you believe from the evidence under the instructions of the court that the plaintiff at the time and place in question in performing the work he was then doing could as well have stood outside of and away from the car track, and in a position of safety, and that ordinary care for his own safety on his part required him while doing such work to stand outside of and away from said track, and that his failure to stand away from and outside of the track, if he did so fail, caused or proximately contributed to cause the accident, then the plaintiff cannot recover in this case, and you should find the defendant not guilty."

Clearly the court did not err in giving instructions 10, 12 and 15.  Instruction 11 is subject to criticism, but we do not think that the judgment should be reversed for the giving of that instruction.  The objection urged against instruction 13 is that it assumes that cars were frequently passing on the tracks where plaintiff was working.  In the opinion of the majority of the court the instruction does not contain such an assumption, and we all agree that whether cars were frequently passing, as defendant's evidence tended to show, or no north-bound car had passed for twenty minutes or half an hour, as plaintiff's evidence tended to show, the giving of said instruction is not reversible error.

The record is, in our opinion, free from reversible error, and the judgment of the Superior Court is affirmed.

*Judgment affirmed.*