Thomas Horan et al., Plaintiffs in Error, v. Cooke Brewing Company and John Flynn, Defendants in Error.

## Gen. No. 17,328.

1. DRAMSHOPS—*proximate cause.* Where action is brought for injury to means of support because of habitual intoxication, an instruction is calculated to confuse the jury and should not be given, which states that the meaning of the term "proximate cause" as used in the instructions is the "cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which that result would not have occurred."

2. DRAMSHOPS—*instructions as to injury to means of support.* In an action for injury, to means of support because of habitual intoxication, it is error to instruct that the selling of intoxicating liquors is recognized by law as a legitimate business, that the fact that plaintiffs are minors and defendants are dramshop keepers should make no difference, and that sympathy for and prejudice against any of the parties should not control the verdict.

3. DRAMSHOPS—*instructions as to services and earnings of minor children contributing to support of family.* In an action by minors for injury to their means of support because of the habitual intoxication of their father, it is error to instruct that the father is entitled to the earnings and services of his minor children, that any services performed by them in the interest of the family or earnings required are a means of support furnished by him, and if any of such children while living under the father's roof contributed to the support of the family by services or earnings, such earnings and services must be considered as coming directly from the father.

Error to the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed April 21, 1913.

CARL A. Ross, for plaintiffs in error.

HARRY A. DAUGHERTY, for defendant in error, Cooke Brewing Company.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action brought by plaintiffs in error, five of the eight minor children of Maurice Horan, against defendants in error to recover for injury to their means of support in consequence of the habitual intoxication of Maurice Horan, there was a verdict of not guilty and judgment for the defendants, to reverse which the plaintiffs prosecute this writ of error. The first count of the declaration avers that defendants in error sold Maurice Horan intoxicating liquors, causing his habitual intoxication, etc., and that the Cooke Brewing Company was the owner of certain premises wherein intoxicating liquors were sold and rented the same for saloon premises, and knowingly permitted the sale of intoxicating liquors therein, which caused the said intoxication, whereby, etc.

The bill of exceptions states what the evidence for the respective parties tended to prove and sets out all the instructions given and refused. We think the objection to the sufficiency of the bill to present for re-

view the rulings of the court on the instructions is without merit. Illinois Cent. R. Co. v. O'Keefe, 154 Ill. 508.

Among the instructions given for the defendants were the following:

"No. 6.    The term 'proximate cause' as used in these instructions means that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which that result would not have occurred."

"No. 7.    The selling of intoxicating liquor at retail, and the manufacture of beer by brewers, and the sale thereof, is recognized by the laws of the State of Illinois as a legitimate business, and you are instructed that dramshop keepers and brewers are entitled to the same fair and unprejudiced treatment in courts of law as any other business man would be under like circumstances, and also that the fact that the plaintiffs are minors of tender years and one of the defendants is a dramshop keeper and a brewing company should make no difference with you, and you are further instructed that sympathy for, nor prejudice against any of the parties in this case, should have no influence upon you in determining whether or not the defendants, or either of them, are liable, nor if liable, control in any way your verdict."

"No. 15.    You are instructed as a matter of law that the father is entitled to the earnings and to the services of his minor children during the term of their minority, and that any services performed in the interest of the family, or earnings acquired by the minor children of the father during their minority is, in contemplation of the law, the property of the father, and is considered under the law as a means of support furnished by the father in the maintenance of the family; and if from the evidence in this case you find that any of the minor children while living under the father's roof, contributed to the support of the family, either by services rendered to the family in any capacity, or by earnings acquired by them and devoted to the support of the family, such services and earn-

ings must be considered as coming direct from the father.''

The statute makes no distinction between cases in which injury to the means of support is the direct result of the intoxication and those in which it is the remote result thereof. It only requires that the injury in the means of support be shown to have been sustained in consequence of the intoxication, habitual or otherwise, of another. It is plain and requires no construction or interpretation. We think that instruction 6 was calculated to confuse rather than enlighten the jury and that it should not have been given.

That the selling of intoxicating liquor at retail is recognized by the laws of the State of Illinois as a legitimate business is a matter which the jury had no right to take into consideration in their deliberations. The business is a recognized subject for regulation by the police power of the State. People v. Harrison, 256 Ill. 102. We think that the court erred in giving instruction 7.

We think it was reversible error to give instruction 15.

Hackett v. Smelsley, 77 Ill. 109, was an action by the wife on the statute on which this action was brought, and it was said: ''Because the wife may be ablebodied, and can earn a livelihood, it does not follow that she does not suffer injury in means of support by loss of her legal supporter. Nor does it so follow where she may have independent means of support of her own. There are always independent means of support. No one is absolutely dependent on another for support, for, where there is the absence of other means of support, it is provided by public authority.'' Applying this doctrine to the facts of this case, it must be held that because the minor children are ablebodied and can earn a livelihood, it does not follow that they do not suffer injury in means of support by reason of the intoxication of their legal supporter. Under the rule stated in the instruction in question, taken in con-

nection with the instruction that the father was only required to furnish his children with such support and comforts as would reasonably be required to be furnished for means of support of persons similarly situated, if minor children are kept in school and supported by their father in comfort up to the time he acquires the habit of becoming intoxicated, and thereafter he contributes nothing to their support, still if they, by leaving school and going to work, are able to provide themselves with such support and comfort as is reasonably required for persons in their situation, the jury must find the defendants, who caused such intoxication, "not guilty of injury to plaintiffs' means of support."

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*