NANCY M. COSTLY *et al.*

*v.*

ABEL A. MCGOWAN *et al.*

*Opinion filed June 23, 1898.*

1. BILLS OF EXCEPTION—*when sufficient to present question of court's action on instructions.* The question of the correctness of the court's action on instructions is sufficiently presented for review as a pure question of law where the bill of exceptions recites that the evidence tended to prove the facts, which, it is contended, rendered the court's rulings upon the instructions erroneous.

2. SAME—*all evidence must be saved to warrant court in holding error harmless.* The entire evidence must be preserved in the record to warrant the Supreme Court in affirming on the ground that intervening errors in instructions were harmless.

3. APPEALS AND ERRORS—*when error in instructions in ignoring one of the issues will work reversal.* Instructions in a will contest which ignore one of the issues made by the pleadings are erroneous, and the error will work reversal where the bill of exceptions recites that the evidence tended to prove both issues, but does not contain all the evidence, as the court cannot presume that the jury would have returned the same verdict had the instructions been correct.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. TRUMAN E. AMES, Judge, presiding.

HOWETT & JETT, and ZINK & KINDER, for plaintiffs in error.

LANE & COOPER, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a suit in chancery by plaintiffs in error against defendants in error, begun in the circuit court of Montgomery county, to set aside the last will and testament of Samuel B. McGowan, deceased. The bill shows that Samuel B. McGowan died testate on January 31, 1897, leaving as his only heirs-at-law Nancy M. Costly, a sister, Abel A. McGowan, a brother, and several nieces and nephews, the children of a deceased sister. On February

9, 1897, his will was presented for probate in the county court of Montgomery county and duly admitted to probate, and letters testamentary were issued to Abel A. McGowan. The will devised the entire estate, real and personal, (excepting five dollars to Nancy M. Costly and two dollars each to the nieces, children of the deceased sister, all of whom are plaintiffs in error,) to Abel A. McGowan for life, and after his death the remainder to Mabel Edna McGowan, daughter of Abel A. McGowan, also a defendant in error. The bill attacks the validity of the will on the ground that at the time of its execution Samuel B. McGowan was not of sound mind and memory and did not have sufficient testamentary capacity to make a will, and that it was executed as a result of undue influence practiced upon the testator by Abel A. McGowan. The answer of Abel A. McGowan and Mabel Edna McGowan denied the allegations of the bill, both as to mental capacity and undue influence. The court submitted these two issues to a jury, which returned a verdict finding that the will offered in evidence was the will of Samuel B. McGowan. After overruling a motion for new trial a decree was entered dismissing the bill for want of equity. From that decree complainants below prosecute this writ of error.

Numerous errors are assigned upon the record, but the only ground of reversal insisted upon is, that the court below erred in giving certain instructions to the jury on behalf of the defendants. Those objected to are the first, eighth and seventeenth of the series given at the instance of the proponents. The objection urged against them is, that they limit the inquiry before the jury to the question of the mental capacity of the testator to make the will, ignoring entirely the issue,—undue influence. The first instruction tells the jury "the question to be passed upon by the jury is this: Was the mind and memory of the deceased, at the time of making the alleged will, sufficiently sound to enable him to know and understand the business

in which he was engaged at the time he executed the will." The eighth instruction states what is necessary, under the law, to constitute testamentary capacity, and says: "If the jury believe, from the evidence, that when Samuel B. McGowan made the will in question he was able to remember who were the natural objects of his bounty, recall to his mind his property and make disposition of it understandingly, according to some plan or purpose formed in his mind, he had testamentary capacity, and the jury will find that the will in question is the will of Samuel B. McGowan." The seventeenth states that the law presumes testamentary capacity until the contrary is shown, and if the proof only makes the case doubtful as to whether the testator had such capacity, "then the general presumption in favor of sanity must prevail, and the jury will find that the will offered in evidence is the will of Samuel B. McGowan."

That these instructions, tested by the issue made by the bill and answer and submitted to the jury, are erroneous, admits of no question. Two issues were thus formed and made up to be tried, while the instructions,—especially the last two,—inform the jury that if they find one of those issues for the defendants they should return a verdict that the paper purporting to be the will of Samuel B. McGowan is his will. Nothing is better settled than that an instruction which ignores a material issue in a cause which is submitted to a jury for its finding is erroneous. It is true that every issue made by the pleadings is not necessarily submitted to the jury. The parties may always abandon an issue made by the pleadings, on the trial; and in this case, if it appear that the complainants below offered no evidence to support the allegation of undue influence, it would not have been error for the court, in its instructions to the jury, to ignore that issue. The plaintiffs in error have seen proper to bring the case to this court without preserving the evidence in the record, and it is insisted on behalf of defend-

ants in error that it is therefore impossible for us to determine that the giving of these instructions was reversible error. It is stated in the bill of exceptions that "the trial of this cause consumed a period of about nine days, where the evidence was contrary and conflicting, and the court having submitted to the jury, as issues of fact, whether or not the testator, at the time of the execution of the will in question, possessed sufficient testamentary capacity to execute said will; second, whether or not said will was the result of undue and improper influence on the part of any of the defendants therein; and the complainants, to maintain the issues on their part, offered evidence tending to show that the testator, at the time of the execution of the said will, was not possessed of sufficient testamentary capacity to execute a valid will; secondly, evidence tending to show undue and improper influence on the part of the defendant. Proponents of the will offered evidence tending to show that the testator was possessed of sufficient testamentary capacity, and also evidence tending to show that the said will was not the result of undue and improper influence, whereupon, at the close of the evidence, the court gave to the jury, on behalf of the proponents of the will, the following instructions." This is sufficient to bring before us for review the assignment of error upon the giving or refusing instructions. *Illinois Central Railroad Co.* v. *O'Keefe*, 154 Ill. 508.

Where legal questions alone, such as the giving or refusing of instructions, are intended to be raised on appeal or writ of error, it is proper for the bill of exceptions to state that the evidence tended to prove the facts upon which it is contended the giving or refusal of the instructions was improper. (*Schmidt* v. *Chicago and Northwestern Railway Co.* 83 Ill. 405; *Nason* v. *Letz*, 73 id. 371.) In the former case it was said (p. 412): "It is only where the evidence is all preserved in the record, and we can see from it that the jury could have reached no other

conclusion than they·did had the instructions and all of the rulings been correct, that we will affirm notwithstanding error may have been committed in giving or refusing instructions. In this case the bill of exceptions shows that the evidence was inharmonious. As only legal questions arising on the record are presented, we cannot presume the finding was right in despite of the errors committed by the court on the trial of the case." That case must control this. Here the bill of exceptions recites that the evidence upon the trial was conflicting on the issue of undue influence. The instructions objected to wholly ignore that issue. If the jury followed the last two, they gave no attention to the evidence bearing on that question. On the face of the record, therefore, manifest error appears, and defendants in error could only ask an affirmance of the decree below upon the ground that the error is harmless, for the reason that under the evidence the finding of the jury must have been the same had the error not intervened. They must show the error to be harmless, and on this record they have not done so and cannot do so.

The decree below must be reversed. The cause will be remanded for another trial.

*Reversed and remanded.*