AGNES WAUGH

*v.*

JOSEPH MOAN *et al.*

*Opinion filed December 16, 1902.*

1. WILLS—*complainant in a will contest not competent to testify in her own behalf.* Complainant in a bill to contest a will, to which the executor in his representative capacity and the legatees under the will are made defendants, is not competent to testify, in her own behalf, as to transactions occurring prior to and at the time of the execution of the will.

2. SAME—*ability to transact ordinary business is too stringent a test of testamentary capacity.* Complainant in a will contest cannot complain of instructions of the defendant making ability to transact ordinary business the test of testamentary capacity, since the test is more stringent than the law requires.

3. SAME—*when instruction is not misleading.* The use of the word "believed" instead of "believe," in an instruction with reference to the belief of the subscribing witnesses that the testatrix was of sound mind and memory, is not misleading, where two of the subscribing witnesses testified that they "believed" the testatrix to be of sound mind and memory at the time she executed the will.

4. SAME—*word "sane" is synonymous with "sound mind and memory."* The word "sane," when used in an instruction with reference to testamentary capacity, is synonymous with "sound mind and memory," and does not tend to mislead the jury by conveying to them the impression that in order to avoid the will it must appear that the testatrix was insane.

5. SAME—*when instruction on subject of testamentary capacity is not harmful.* An instruction that the testatrix had sufficient capacity to make a will if she "understood what she was doing" is not harm-

ful, where the jury are fully informed, in other instructions given by both parties, as to what constitutes testamentary capacity.

6. SAME—*fact that testatrix misstates value of property does not necessarily defeat will.* That the testatrix states to the scrivener that she possesses more property than she in fact owns or more than was found after her death, does not, as a matter of law, defeat the will, although such fact may be proved as bearing upon the question of her testamentary capacity.

APPEAL from the Circuit Court of Boone county; the Hon. ARTHUR H. FROST, Judge, presiding.

ROBERT W. WRIGHT, for appellant.

WILLIAM L. PIERCE, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery, filed in the Boone county circuit court by the appellant, against the appellees, to set aside the will of Catherine Moan, deceased, on the ground that the testatrix, at the time she made her will, was not of sound mind and memory and did not have sufficient testamentary capacity to make a will. Answers and replications were filed and an issue of fact was submitted to a jury, and a verdict was returned finding the will to be the last will and testament of Catherine Moan, deceased. A motion for a new trial was overruled and a decree was entered dismissing the bill for want of equity, and an appeal has been prosecuted to this court.

Catherine Moan died on April 20, 1901, seized of real and personal estate of the value of about $10,000, and left her surviving as her children and heirs-at-law, the appellant, Agnes Waugh, and the appellees, Joseph Moan, Henry Moan, William Moan and Francis Moan, and her grandchildren, James McDevitt, Mary McDevitt, Joseph McDevitt and Mathew McDevitt, the minor children of a deceased daughter, who appeared by their guardian *ad litem*, P. H. O'Donnell. By her will she gave to Agnes Waugh, Joseph Moan, William Moan and Fran-

cis Moan each the sum of $500; to Henry Moan $800, and the balance of her estate, after the payment of debts and funeral expenses, to her grandchildren, James, Mary, Joseph and Mathew McDevitt, share and share alike, and named Joseph Moan as executor thereof, without bond. The will was admitted to probate on June 17, 1901, and letters testamentary were issued to Joseph Moan, who qualified and is now acting as such executor. Subsequent to the commencement of the suit Henry Moan died testate, and Frank Waugh, administrator with the will annexed, was substituted as a defendant in the place of Henry Moan, deceased. The appellant has brought the case to this court without preserving the evidence in the record.

The court certified that it was stipulated by the parties upon the trial that Catherine Moan died on April 20, 1901; that at the time of her death she left surviving her the children and grandchildren above named, as her sole heirs-at-law; that she died seized of real estate situated in Boone county estimated to be worth $7500 and personal property inventoried at $2558; that on July 1, 1897, she made a paper writing purporting to be her last will and testament, which disposed of her property in a manner different from that of the will being contested. The certificate of evidence further states: "That on the trial of this cause the complainant took the witness stand in her own behalf, and was duly sworn, but her testimony was objected to by the defendants (proponents of said will) on the ground that she was incompetent as a witness under the statute, and the court sustained such objection as to matters occurring prior to the death of said Catherine Moan, deceased, to which ruling of the court in sustaining such objection and in refusing to allow the complainant to testify in her own behalf the solicitor for the complainant then and there duly excepted; that on the trial of this cause there was given evidence tending to show that at the time she made and

executed said paper writing purporting to be her last will and testament, she stated to the witness L. L. Skelton, who was the scrivener preparing said will, that she was possessed of an estate of about $28,000 to be disposed of by her in said will; that there was testimony given tending to show that she did not at such time so state to the said Skelton; that on the trial of this cause evidence was given to show that at the time she made and executed the said paper writing purporting to be her last will and testament, the said Catherine Moan was of sound and disposing mind and memory, and there was evidence given tending to show that at such time she was not of sound and disposing mind and memory,—that is to say, that the evidence on that proposition was conflicting; that on the trial of this cause the proponents of said will offered the same in evidence, together with the affidavits of the subscribing witnesses thereto, and said will and said affidavits were received by the court and admitted; that upon the trial of this cause the testimony of the subscribing witnesses to the said will was given, tending to show that at the time of the making of said paper writing in question the testatrix was of sound and disposing mind and memory, and that they believed the same to be true at the time they witnessed the said alleged will."

The errors assigned and urged as a ground for reversal are: (1) The court erred in refusing to allow the complainant to testify; (2) the court erred in giving improper instructions to the jury on behalf of the defendants; and (3) the court erred in refusing to set aside the verdict and grant to the complainant a new trial.

We think the record is sufficient to enable the court to pass upon the questions of the competency of the complainant as a witness and the correctness of the instructions given upon behalf of the defendants, although it does not contain the evidence. *Costly* v. *McGowan*, 174 Ill. 76; *Johnson* v. *Johnson*, 187 id. 86.

It is contended by the appellant that the court erred in holding that she was an incompetent witness in her own behalf. That appellant was an incompetent witness as to matters occurring prior to and at the time of the execution of the will is too plain for argument. (*Taylor* v. *Pegram*, 151 Ill. 106; *Bevelot* v. *Lestrade*, 153 id. 625.) Section 2 of the act entitled "Evidence and Depositions," (Hurd's Stat. 1899, p. 858,) is as follows: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, * * * when any adverse party sues or defends * * * as the executor, administrator, heir, legatee or devisee of any deceased person, * * * unless when called as a witness by such adverse party so suing or defending." Joseph Moan, as executor, was a party defendant and defended in a representative capacity. He was a necessary party, (*Bardell* v. *Brady*, 172 Ill. 420,) and, by the express terms of the statute, as against him the complainant was an incompetent witness. Neither was she a competent witness as against the other defendants who were defending as the legatees of Catherine Moan, deceased. The complainant was a party to the proceeding and directly interested in the event thereof, and the defendants were adverse parties defending as the legatees of a deceased person. The fact that the contest was between the heirs of the deceased does not change the rule. Such was the case in *Taylor* v. *Pegram, supra,* and *Bevelot* v. *Lestrade, supra,* and the rule announced in *Pigg* v. *Carroll,* 89 Ill. 205, and kindred cases, does not apply in this case.

The appellant contends that the court erred in giving to the jury instructions Nos. 4, 5, 6, 8, 9, 10 and 11, offered by the defendants, but from a careful examination of all the instructions given to the jury we are satisfied they were instructed with substantial accuracy, and that the court committed no reversible error in giving to the jury the instructions complained of.

The criticism made upon instructions Nos. 4 and 5 is, that they make the ability to transact ordinary business the test of testamentary capacity. It has been held that ability to transact ordinary business is a more stringent test of testamentary capacity than the law requires. (*Taylor* v. *Cox*, 153 Ill. 220; *Ring* v. *Lawless*, 190 id. 520.) If a testator has capacity to transact ordinary business, the presumption arises that he is capable of doing any act requiring no greater capacity, which would include the act of making a will; but the converse of this proposition is not true, and it cannot be said, as a matter of law, that because incapable of transacting ordinary business a person is incapable of making a testamentary disposition of his estate. (*Craig* v. *Southard*, 148 Ill. 37; *Sinnet* v. *Bowman*, 151 id. 146.) Testamentary capacity is said to exist if the testator, at the time of making his will, had "such mind and memory as enabled him to understand the business in which he was then engaged and the effect of the disposition made by him of his property." (*Campbell* v. *Campbell*, 130 Ill. 466.) The rule given to the jury by the court by which to measure the testamentary capacity of the testatrix was more stringent than the law required, and could not have worked an injury to the appellant.

The sixth instruction informed the jury that before they would be authorized to find the instrument offered in evidence to be the will of Catherine Moan, deceased, it must appear to have been attested by two credible witnesses, who must testify that the testatrix signed the same or acknowledged the same in their presence, that they witnessed the same at her request, and that they believed her to be of sound mind and memory. It is said this instruction improperly used the word "believed" instead of "believe." The objection is without force. The will, together with the affidavits of the subscribing witnesses attached thereto, was admitted in evidence, and two of the subscribing witnesses were called, and testi-

fied that they believed the testatrix was of sound mind and disposing memory at the time she executed the will, and the instruction applied to this evidence. The subscribing witnesses to a will must believe that the testator was of sound mind and memory at the time they attested the execution of his will, and the instruction so informed the jury. In *Dickie* v. *Carter*, 42 Ill. 376, the court said (p. 385): "To entitle a will to probate four things must concur: It must be in writing and signed by the testator or testatrix, or in his or her presence by some one under his or her direction; it must be attested by two or more credible witnesses; two witnesses must prove that they saw the testator or testatrix sign the will in their presence, *or* that he or she acknowledged the same to be his or her act and deed; they must swear that they *believed* the testator or testatrix to be of sound mind and memory at the time of signing and acknowledging the same." In *In re will of Ingalls*, 148 Ill. 287, it was held, if the attesting witnesses, at the time the will is signed and attested, believed the testator or testatrix was of sound mind and memory, that is sufficient to admit the will to probate. The right to probate the will is not dependent upon the belief of the attesting witnesses formed after their attestation. The will, the certificate and oaths of the subscribing witnesses, and the evidence of the subscribing witnesses, made a *prima facie* case for the defendants, and when admitted shifted the burden of proof upon the appellant, and the jury could not have been misled by this instruction.

It is said instruction No. 8 used the word "sane," and thereby tended to mislead the jury by conveying to them the impression that before the will could be avoided it must appear the testatrix was insane. The word "sane," as used in this instruction, was used as synonymous with "sound mind and memory," and could not have been understood otherwise by the jury. The expression "sound mind and memory" has been held by this court to mean

nothing more than "sound and disposing mind," and equivalent to the term "sanity." *Yoe* v. *McCord*, 74 Ill. 33; *Dickie* v. *Carter*, *supra*; *Andrews* v. *Black*, 43 id. 256; *Campbell* v. *Campbell*, *supra*.

Instruction No. 11 informed the jury if the testatrix, at the time she executed the will, "understood what she was doing" she had sufficient capacity to make a will. In view of the fact that the jury, in a number of instructions given on behalf of both parties, were fully instructed upon the subject of what constitutes testamentary capacity, in several of which the law was given more favorably for the appellant than she was entitled to receive it, we think this instruction did the appellant no harm. If the testatrix knew what she was doing she knew she was making her will and the effect thereof, and that was sufficient. In *Yoe* v. *McCord*, *supra*, after an examination and citation of many authorities, the court concluded that the most intelligible test which could be given to a jury of testamentary capacity was, "that the testator should, at the time of executing the will, know and understand what he was about."

The scrivener who drew the will testified that the deceased stated to him, at the time he drew the will, that she was possessed of property valued at $28,000, while other parties who were present testified that no such statement was made. There was a conflict in the evidence as to whether or not the testatrix made such statement. Instructions Nos. 9 and 10 informed the jury that the fact that the testatrix, at the time the will was drawn, stated that she was possessed of more property than she in fact was the owner of or than had been discovered subsequent to her death, would not, as a matter of law, defeat the will. It is insisted that to so instruct the jury was reversible error. One of the evidences of testamentary capacity frequently mentioned by judges and text writers is, that the testator knew and realized the extent and character of his property; another is, that

200—20

he knew and realized the objects of his bounty; while a third is, that he knew the manner in which he wished to dispose of his property. There is a marked difference between testamentary capacity and the evidence thereof, and we believe no case can be found where it has been held because a testator misinformed the scrivener who drew his will of the amount of his property, that the will, by reason of that fact alone, was held, as a matter of law, to be void. Upon a contest of the will it was proper to prove such fact as bearing upon the testamentary capacity of the testatrix, but such fact, if proven, would not, as a matter of law, necessarily defeat the will. The instructions complained of did not say to the jury they should not consider such fact in passing upon the testamentary capacity of the testatrix in connection with the other facts proven, but only informed them such fact alone, if proven, did not, as a matter of law, destroy the will, and left the question of what weight should be given to such fact to the jury.

We find no reversible error in this record. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*