### John J. McHale v. Chicago City Railway Company.

#### Gen. No. 13,472.

INSTRUCTION—*when proper.* An instruction which might be misleading in one state of the record may be proper in another, as directing the attention of the jury to the only issue presented by the pleadings and the evidence.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed October 28, 1907.

Statement by the Court.    This is a writ of error to the Circuit Court of Cook county to reverse a judgment of *nil capiat* and costs rendered therein for the Chicago City Railway Company as defendant, against John J. McHale as plaintiff.

The declaration in the cause was originally in three counts, but before the cause was submitted to the jury the second and third counts were, on motion of the plaintiff, withdrawn from their consideration.

The first count alleged that on February 7, 1903, the defendant was operating a line of street car tracks on State street in Chicago, and certain cars driven along said tracks in a southerly direction, and was a common carrier of persons for hire; that a street called Polk street intersected State street; that at the intersection of Polk street with State street the plaintiff applied to defendant's servants in charge of one "of said south-bound trains of cars, which was then and there approaching said intersection, to become a passenger thereon; * * * that thereupon the defendant slacked the speed of its said car or train of cars for the purpose of allowing the plaintiff to board said car as a passenger, and that by reason of the premises it then and there became and was the duty of the defendant to hold its said car or train of cars motionless and at a standstill a reasonable length of time to

McHale v. Chicago City Ry. Co.

allow the plaintiff to board the said car in safety and to refrain and desist from starting said car or train of cars until the plaintiff had a reasonable opportunity to get safely on board said car, and to operate said car carefully and prudently, so that the plaintiff and others who might be desirous of taking passage thereon might not be thrown from said car and injured." But that the defendant failed in said duty, and "while plaintiff with all due care and caution for his own safety, and without fault or negligence on his part, was attempting to get on board of one of defendant's said cars  *  *  *  carelessly and negligently failed and neglected to hold said car motionless and at a standstill a reasonable length of time to allow the plaintiff to become a passenger thereon, and also then and there carelessly and negligently started or caused, allowed and permitted said car to be started and moved forward violently before plaintiff had had a reasonable opportunity to get on board said car in safety," whereby the plaintiff was thrown down and hurt.

At the trial the plaintiff's evidence tended to prove (the language of the bill of exceptions is here used) that the plaintiff "attempted to board a street car owned and controlled by defendant company, for the purpose of becoming a passenger thereon, at a time when said car was at a standstill; that he then and there took hold of the rear handle of said car and had placed one foot on the step, when said car was started with a sudden and violent jerk, whereby the plaintiff was thrown and fell upon the pavement on State street; that from the fall and by reason of the negligence of the defendant, the plaintiff sustained severe and permanent injuries as charged in the declaration."

The defendant's evidence, on the other hand, tended to prove "that the plaintiff attempted to board its said car at or about Peck court at a time when the car was in motion and was going at the speed of five or six miles an hour; that said car had not stopped or slowed up either at Polk street or Peck court; that

in so attempting to board said car, the plaintiff failed to get upon the step of the car, and fell to the pavement and was injured.''

The cause was submitted to a jury under five instructions given at the request of the plaintiff and twelve given at the instance of the defendant. Four other instructions were offered by the plaintiff and refused.

The jury found a verdict for the defendant, and judgment was rendered on the verdict.

Although several assignments of error are made here, the only matter insisted on and argued is the alleged inaccuracy and impropriety of the following instruction given at the instance of the defendant:

''You are instructed that if you believe from the evidence in this case that the plaintiff did not sustain the accident in question while in the act of getting upon the car at a time and when it was stopped and standing still, and by reason of the sudden starting or moving of the car forward, but that the plaintiff attempted to get upon the car while it was in motion, then the plaintiff cannot recover, and your verdict should be, 'We, the jury, find the defendant not guilty.' ''

HIRAM BLAISDELL and OLIVER R. BARRETT, for plaintiff in error.

WILLIAM J. HYNES, FRANKLIN B. HUSSEY and WATSON J. FERRY, for defendant in error; MASON B. STARRING, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

We see nothing in this record to justify a belief that the plaintiff did not have a fair trial of the issue raised both by his pleadings and evidence, namely, whether or not he was injured, as he claimed in both declaration and testimony, by the sudden starting of a car on which, as it was standing still, he was attempting to mount.

The plaintiff in error indeed claims that the evidence has nothing to do with the matter, because the bill of exceptions, prepared by himself, does not purport to state all the evidence, but only what the evidence tended to prove. He says, as we understand it, that we cannot, in such a case, in considering the propriety of the instruction complained of, take into account anything but the pleadings, and cites as authority for this position Costly v. McGowan, 174 Ill. 76. That case only decides that if the reviewing court holds an instruction erroneous as applied to the pleadings and the statement of the bill of exceptions that the evidence was conflicting, it cannot, in the absence of all the evidence, assume that the error in the instruction was harmless. It does not hold that in considering the question whether or not an instruction was erroneous or misleading, we may not take into account the basis on which the plaintiff himself puts his case in all the evidence introduced by him in support of it.

In this case we think that the declaration, as set out in the statement hereto prefixed, distinctly charges the negligence of the defendant to be a failure to hold the car motionless after it had stopped long enough for the plaintiff to get on. The plaintiff's counsel declares the language of the declaration clear and its meaning obvious—a statement to which in the letter we agree. But if they mean to imply, as the context suggests, that the language clearly and obviously can cover negligence not consisting in starting a car from a standstill while plaintiff was getting on it, then we must emphatically disagree with them. The contrary appears quite ''clear and obvious'' to us.

Even without reference to any condition of the evidence, we fail to see how the instruction complained of could have been misleading. It did not do more than declare that the specific allegation of negligence on which the plaintiff in his declaration wholly bases his case, must be in the opinion of the jury proven

or he could not recover. This is a doctrine of the law in Illinois that cannot be denied, and its force is not lessened by the many cases which hold that it is not negligence *per se* to get on or off a moving car.

When, in addition to this situation of the pleading, the plaintiff asserts and the trial judge certifies that the evidence for the plaintiff tended to prove that the plaintiff while in the exercise of ordinary care for his own safety, attempted to board a street car at a time when said car was at a standstill, and then and there took hold of the rear handle of said car, and had placed one foot upon the step, when said car started with a sudden and violent jerk, whereby the plaintiff was thrown and fell upon the pavement; and that the evidence for the defendant tended to prove, on the other hand, that the plaintiff attempted to board the said car when the car was in motion and was going at the speed of five or six miles an hour, without previous stopping or slowing up, and in so attempting, failing to get on the step of the car, fell to the pavement and was injured; and the plaintiff neither asserts nor the court certifies anything else material about the evidence—this condition of the record may certainly make proper an instruction directing the attention of the jury to the single issue thus presented by both pleadings and evidence, although the same instruction might possibly, in a different state of either, and would probably in a different state of both, be misleading.

This being the view that we take of the matter, we do not think it necessary to discuss and distinguish cases cited and commented on by counsel. It should be remembered as to some of them that it is not always erroneous to give an instruction which it is not error to refuse.

The judgment of the Circuit Court is affirmed.

*Affirmed.*