Margaret F. Tipton v. Henry Schuler and Amos Rut-
ledge.

1. DRAM-SHOP ACT—*Evidence in Actions Under.*—To entitle a wife
as plaintiff to recover under the dram-shop act, it is not necessary that
the proofs show that the intoxication of her husband at the time of
receiving the injury was such that his judgment, memory and reason-
ing were so impaired that he did not know the natural and reasonable
consequences of his own acts.

2. SAME—*Degree of Intoxication Necessary.*—The degree of intoxi-
cation necessary for a recovery under the dram-shop act is essentially a
question of fact; and an instruction which attempts to settle the state
of intoxication necessary in order to fix the liability of the defendant is
clearly foreign to the province of the judge presiding, and reversible
error.

3. APPELLATE COURT PRACTICE—*Review of Instructions.*—Where
the sole question for review relates to the instructions. it is necessary
for the bill of exceptions to recite only that the evidence tended to prove
the issues and was conflicting. The presumption can not be indulged
that a judgment is right notwithstanding an erroneous instruction.

Action in Case, under the dram-shop act. Error to the Circuit Court
of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presid-
ing. Heard in this court at the November term, 1899. Reversed and
remanded. Opinion filed February 27, 1900.

J. E. POLLOCK and MAYNE POLLOCK, attorneys for plaint-
iff in error.

OWEN & OWEN and WELTY & STERLING, attorneys for
defendants in error.

MR. JUSTICE HARKER delivered the opinion of the court.
Plaintiff in error brought suit under the dram-shop act
against Henry Schuler, a saloon keeper, and Amos Rut-
ledge, the owner of the building in which the saloon was
kept, to recover for injuries to her means of support occa-
sioned by the selling to her husband of liquor, whereby he
became intoxicated and sat down upon the railroad track
of the C., C., C. & St. L. R. R. Co., where he was injured
by being struck by a passing train. There was a trial by
jury resulting in a finding and judgment in favor of the
defendants.

The only ground upon which a reversal is asked, is the error of the court in giving to the jury the following instruction:

1. "The court instructs the jury that it is not every degree of intoxication in a case of this kind that entitles the plaintiff to recover, but the intoxication must be to such an extent that her husband was so under the influence of intoxicating liquor that his judgment, memory and reasoning was impaired to such an extent that he did not know the natural and reasonable consequences of his own act, and the jury must believe from the evidence that the injury was the result of the intoxication before they can find a verdict for the plaintiff."

This instruction is clearly bad. To entitle the plaintiff to recover, it was not necessary that the proof show that the intoxication of her husband at the time of receiving the injury was such that his judgment, memory and reasoning was so impaired that he did not know the natural and reasonable consequences of his own acts. The degree of intoxication necessary for recovery is essentially a question of fact; and an instruction which attempts to settle or comprehend the state of intoxication necessary in order to fix the liability of the defendant is clearly foreign to the province of the judge presiding. It is well known that the effect of alcohol upon the mental and physical energies of a number of persons is not proportionate, but may be widely different. It deadens the judgment, memory and reasoning of some whose powers of locomotion are apparently unimpaired, while it inspires the mental faculties of others, yet leaves them helpless physically. In either case, or any case, the degree or nature of intoxication is immaterial if it is clear that the intoxication directly caused the injury complained of. In the case under review, the plaintiff's husband may have been in possession of judgment, memory and reasoning, cognizant of the consequences of his acts, knowing the danger of placing himself upon the track, and yet have been in that state of drunken recklessness or benumbed physical condition as to allow an impulse to place himself upon the track to overcome his natural prudence. This is very similar to some cases of freezing to death where the

person may well know that his only hope of safety lies in steadily walking, and that to sit or lie down means certain death, and still be so under the influence of the cold that he prefers death to the effort of moving on. In Smith v. The People, 141 Ill. 452, the Supreme Court says:

"But even if there was intoxication in part or partial intoxication, yet if such intoxication was sufficient to have caused the death of the deceased we are unable to see why the case is not within the purview of the statute."

The bill of exceptions does not recite any of the evidence heard upon the trial, but merely states that the plaintiff gave in evidence, upon her behalf, testimony that tended to prove the issues in her favor, and that defendants gave in evidence, on their behalf, testimony that tended to prove the issues in their behalf; that is, that the evidence in the case was conflicting. It is insisted it was the duty of the plaintiff in error to bring in the record of all evidence heard, so as to enable the court to determine whether the instruction complained of worked substantial harm to her. The answer to that contention is furnished by our Supreme Court in the following cases: Nason v. Letz, 73 Ill. 371; Schmidt v. C. & N. W. R. R. Co. et al., 83 Ill. 405; I. C. R. R. Co. v. O'Keefe, 154 Ill. 508.

The rule announced in those cases is that where the sole question for review relates to the instructions, it is only necessary for the bill of exceptions to recite that the evidence tended to prove the issues and was conflicting. The presumption can not be indulged that a judgment is right notwithstanding an erroneous instruction. The presumption is rather that the erroneous instruction has worked harm to the unsuccessful party. If, as a matter of fact, the erroneous instruction complained of was not harmful by reason of matters appearing in proof, the appellee or the defendant in error should have insisted upon the bill of exceptions reciting the evidence before it was signed.

For the error of the court in giving to the jury the instruction quoted, the judgment will be reversed and cause remanded.