Sears, Roebuck & Co. v. Winchester R. A. Co., 178 Ill. App. 318.

tended to deceive Judge Wells or induce him by misstatements to accept respondent as surety on a bond, when, if all the facts in relation to the bonds on which he was surety had been stated, he would not have been accepted. The evidence that respondent was worth over and above his indebtedness $100,000; that he owned in fee clear of incumbrance real estate in Chicago worth $10,000 and for which he had paid within about two years in purchase price and improvements $10,000, and that he owned three hundred acres of land in Wisconsin worth $50,000, which was clear of incumbrance, is not controverted.

We think that the evidence fails to show that the respondent was guilty of contempt and that the rule to show cause should have been discharged.

For the reasons indicated the judgment of the Municipal Court is reversed.

*Reversed.*

---

**Sears, Roebuck & Company, Plaintiff in Error, v. Winchester Repeating Arms Company, Defendant in Error.**

### Gen. No. 16,801.

1. APPEALS AND ERRORS—*instructions.* Where all the evidence is not preserved in the record, defendant in error cannot claim that an erroneous instruction was harmless or that the jury could have reached no other conclusion.

2. INSTRUCTIONS—*bill of exceptions.* If an erroneous instruction was not harmful by reason of matters appearing in proof, the appellee or defendant in error should insist upon the bill of exceptions reciting the evidence before it is signed.

3. APPEALS AND ERRORS—*bill of exception.* Where the sole question raised on appeal is error in instructions, the bill of exceptions need only present enough of the evidence to show the pertinency of the instructions.

4.  EVIDENCE—*preponderance.*  A preponderance of the evidence in favor of plaintiff, however slight, by no means removing all doubt, is sufficient to justify a verdict for plaintiff.

5.  INSTRUCTIONS—*as to doubt.*  An instruction that "if the jury find that the evidence in the case is evenly balanced, and they are in doubt as to whether defendant is indebted to plaintiff, then their verdict should be for defendant," is misleading as leaving the impression that if evidence was so balanced as to leave a doubt in their minds as to indebtedness of defendant, they must not find for plaintiff.

6.  INSTRUCTIONS—*preponderance of evidence.*  Failure to give an instruction that "if the jury find from the evidence that plaintiff has made out its case by a preponderance of the evidence, as laid in the declaration, the jury should find for the plaintiff" where another instruction, given for defendant, is misleading, is reversible error.

7.  CONTRACTS—*minds must meet.*  Before there can be a contract between two parties, their minds must come together upon all the terms and conditions.

Error to the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.  Heard in this court at the October term, 1910.  Reversed and remanded.  Opinion filed March 24, 1913.  Rehearing denied April 7, 1913.

ADLER & LEDERER, for plaintiff in error; FRANCIS ADAMS, JR., of counsel.

ALBERT H. & HENRY VEEDER and LOUIS C. EHLE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The judgment which this writ of error is brought to reverse was one of *nil capiat* and for costs rendered against the corporation plaintiff in error here and plaintiff below, in a suit brought by it against the defendant corporation in the Superior Court.

The plaintiff was attempting to recover from the defendant the sum of $973.51 and interest on a contract for a special rebate on the purchase of certain fire arms which plaintiff purchased from the defendant in 1904.

The defendant contended below and contends here

that no binding contract for such a rebate was ever made by it, and also that if it could be held to have made such an agreement, it was conditioned, among other things, on the undertaking of the plaintiff not to sell or to offer in print to the trade any of the goods at a price lower than the minimum price fixed by the defendant, and that the plaintiff had not kept the agreement in this particular, but had sold and offered in print at such lower price.

The cause was tried below before a jury, which found a verdict for the defendant, on which the judgment complained of was entered. The bill of exceptions brought here as a part of the transcript of the record does not purport to contain all the evidence, but states that "the evidence was contrary and conflicting," and that the issues were: first, whether or not a contract existed between plaintiff and defendant; second, whether the plaintiff had performed the agreements of said alleged contract on its part to be performed; and, third, whether or not the defendant had broken the alleged contract. It then recites that the plaintiff, to maintain the issues on its part offered evidence, tending to show certain things, and that the defendant offered evidence tending to show certain other things; and that the court then "gave to the jury on behalf of the plaintiff" certain instructions which are set forth in full, and "on behalf of the defendant" certain instructions also set forth, to the giving of which the defendant excepted; and, further, that the plaintiff, by its counsel, asked the court to give each of four instructions set forth, and the court refused to give each of said instructions, to which refusal the defendant excepted.

As the plaintiff in error has raised in this court only the question of error in the instructions, it was only necessary for it to present in the bill of exceptions enough of the evidence to show the pertinency of the instructions. Sidwell v. Lobly, 27 Ill. 438; Illinois Cent. R. Co. v. O'Keefe, 154 Ill. 508.

Nor can, in the present state of the record here, the defendant in error maintain that an erroneous instruction, if there were one, was not harmful by reason of the justice of its cause as shown by the evidence.

In Schmidt v. Chicago & N. W. R. Co., 83 Ill. 405, 412, the Supreme Court says:

"It is only where the evidence is all preserved in the record, and we can see from it that the jury could have reached no other conclusion than they did had the instructions and all of the rulings been correct, that we will affirm notwithstanding error may have been committed in giving or refusing instructions. In this case the bill of exceptions shows that the evidence was inharmonious. As only legal questions arising on the record are presented, we cannot presume the finding was right in despite of the errors committed by the court on the trial of the case."

The Appellate Court of the Third District made the necessary deduction from this rule in the statement in Tipton v. Schuler, 87 Ill. App. 517, that:

"If, as a matter of fact, the erroneous instruction complained of was not harmful by reason of matters appearing in proof, the appellee or the defendant in error should have insisted upon the bill of exceptions reciting the evidence before it was signed."

We are in this cause, therefore, limited to passing on the accuracy of the instructions given and on the question whether the refusal of those rejected was justified. The plaintiff in error confines his argument to the giving of instruction numbered 4, the giving of instruction numbered 8, and the refusal of instruction numbered 9.

Instruction 4 (given) was this:

"If the jury find that the evidence in this case is evenly balanced and they are in doubt as to whether defendant is indebted to the plaintiff, then their verdict should be for the defendant."

Instruction 9 (refused) was as follows:

"The court instructs the jury that if they find from the evidence that the plaintiff has made out its case

by a preponderance of the evidence as laid in its declaration, then the jury should find for the plaintiff.''

We are of the opinion that giving the first and refusing the second of these instructions, taken together, constituted reversible error.

Instruction 4 might naturally tend to mislead the jury, for a superficial reading or attention to it might well leave the impression that it meant that if the evidence were *so* balanced as to leave a doubt in their minds as to the indebtedness of the defendant, they must not find for the plaintiff,—a proposition which is manifestly erroneous. A preponderance of the evidence, however slight, in favor of the plaintiff, by no means removing all doubt, would have been sufficient to justify a verdict for it. And it was precisely an emphasis on this point which the plaintiff sought by instruction 9, which has been often held unobjectionable. Chicago & J. Elec. R. Co. v. Patton, 219 Ill. 214.

It is true that instruction 4 does not actually read as we have said it might be *misread;* and it is not so much as inaccurate as misleading that we must condemn it. Under the construction which defendant insists it should bear, the words ''and they are in doubt as to whether defendant is indebted to the plaintiff'' are purely surplusage. Without them the instruction would state the truth; but even if it were so given, a refusal to supplement it with the tendered instruction 9 could hardly have been justified. With the words in question in instruction 4 we think the refusal to give 9 was reversible error, and we think instruction 4 misleading.

Instruction 8 (given) was:

''The court instructs the jury that before there can be a contract between two parties, the minds of the two parties must come together upon all the terms and conditions of the contract, or, as is sometimes said, 'the minds of the contracting parties must meet.' ''

We do not see the objections to this instruction which counsel for plaintiff in error finds to it.

But for the refusal of instruction 9, in connection with the giving of instruction 4, the judgment is reversed and the cause remanded.

*Reversed and remanded.*