into court and show that fact by proper certificate, and as soon as he so shows, the payments stop," *held*, regardless of the questions whether the subject was a proper one for the jury and whether what was said by the court was intended as an instruction to the jury or a reply to the request of counsel, the statement was called out by such request did not misstate the law and could not have harmed defendant.

7. MUNICIPAL COURT OF CHICAGO, § 17*—*when written requested instructions may be refused.* Where a judge of the Municipal Court instructs the jury orally he may refuse to give written requested instructions.

## Margaret C. B. Johnson, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 19,438.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, JUDGE, presiding.    Heard in the Branch Appellate Court at the October term, 1913.    Reversed and remanded.    Opinion filed October 8, 1914.

### Statement of the Case.

Action by Margaret C. B. Johnson against the City of Chicago to recover damages for personal injuries alleged to have been caused by stepping into a hole in the pavement of a public street. A jury returned a verdict of not guilty; a motion for a new trial was overruled and judgment was entered against plaintiff for costs. To reverse the judgment, plaintiff prosecutes a writ of error.

The only errors complained of were errors in the giving and refusing of instructions, and in placing a limit on the number of witnesses called to testify to plaintiff's good reputation for truth and veracity.

HARRY W. STANDIDGE, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for defendant in error; DAVID R. LEVY, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1524*—*necessity of preserving all the evidence for application of doctrine of harmless error.* Where legal questions alone, such as the giving or refusal of instructions, are raised on appeal or writ of error, the doctrine of "harmless error" cannot be applied where the bill of exceptions does not purport to contain all the evidence, since in such case the Appellate Court is unable to determine whether the jury could not have reached a different conclusion, and it must assume that the error was prejudicial, if the instruction or ruling is manifestly wrong.·

2. APPEAL AND ERROR, § 805—*duty of defendant in error to insist on bill of exceptions containing all the evidence.* It is the duty of a defendant in error to insist upon the bill of exceptions containing all the evidence, when he desires the court of review to examine the same for the purpose of ascertaining whether the errors complained of were harmless under the facts of the case.

3. MUNICIPAL CORPORATIONS, § 1104*—*when instruction misleading.* In an action against a city for personal injuries alleged to have been caused by stepping into a hole in a public street, an instruction given for defendant telling the jury that there is no presumption of negligence against the defendant from the simple fact that the plaintiff was injured upon a public street, if they believe from the evidence that plaintiff was injured on a public street, *held* improper as being calculated to mislead and confuse the jury, in that it selected one fact disclosed by the evidence, and stated that a certain conclusion did not follow therefrom, as a matter of law.

4. TRIAL, § 69*—*discretion of court to limit number of witnesses.* The trial court has a reasonable discretion in fixing a limit upon the number of witnesses who are called for the purposes of impeachment.

5. TRIAL, § 69*—*when limiting number of witnesses not an abuse of discretion.* Action of court in limiting plaintiff to thirty-two witnesses for testifying in rebuttal to the good reputation of plaintiff for truth and veracity after twenty-four witnesses called for defendant had testified to the contrary, *held* not an abuse of discretion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.