## Elizabeth Daubach, Plaintiff in Error, v. The Drake Hotel Company, Defendant in Error.

### Gen. No. 31,258.

1. APPEAL AND ERROR—*when incorporation of evidence in bill of exceptions is not necessary.* When the only errors assigned by the plaintiff in error relate to questions of law and not of evidence, the incorporation of the evidence in the bill of exceptions is not necessary.

2. INSTRUCTIONS—*when number of defendant's instructions is out of proportion to issues involved.* In an action for personal injuries, where the court gave seven instructions to the jury at plaintiff's request and twenty-one instructions at defendant's request, held that the number of defendant's instructions was out of proportion to the plain and simple issues involved.

3. INSTRUCTIONS—*when number of instructions concluding with particular phrases unreasonable.* In an action for personal injuries, held that the giving at defendant's request of seven instructions which concluded either with the phrase ''then you should find the defendant not guilty'' or with the phrase ''then the plaintiff cannot recover,'' one of the seven using both phrases, was unreasonable.

4. INSTRUCTIONS—*necessity of more than one instruction upon particular subject.* The trial court is not required to give more than one instruction to the jury upon a particular subject.

5. HARMLESS ERROR—*when needless number of instructions on particular subject not ground for reversal.* The giving of a needless number of instructions to the jury on a particular subject will not be ground for reversal if the instructions are correct.

6. INSTRUCTIONS—*six instructions on contributory negligence as too many.* Six instructions to the jury in a personal injury action on the subject of contributory negligence held too many.

7. INSTRUCTIONS—*construction of.* Instructions should be construed in the light of what an ordinary person would understand them to mean.

8. HARMLESS ERROR—*when doctrine of harmless error inapplicable in matter of instruction.* Where the bill of exceptions does not contain the evidence, the doctrine of harmless error is inapplicable in the matter of an erroneous instruction given to the jury and if the error in the instruction is substantial prejudice must be assumed.

9. NEGLIGENCE—*when instruction on contributory negligence erroneous.* Instruction in an action for personal injuries held erroneous in failing to qualify the word "care" by the word "ordinary."

10. HARMLESS ERROR—*when error in instruction cannot be cured by another instruction.* Where an instruction given to the jury is a peremptory one, error therein cannot be cured by any other instruction in the series of instructions.

Error by plaintiff to the Superior Court of Cook county; the Hon. GEO. A. SENTEL, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed February 7, 1927.

JAMES C. MCSHANE, for plaintiff in error.

CASSELS, POTTER & BENTLEY, for defendant in error; RALPH F. POTTER, KENNETH B. HAWKINS and BARRY GILBERT, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is a writ of error prosecuted by Elizabeth Daubach, the plaintiff, from a judgment on a verdict in favor of the Drake Hotel Company, the defendant, in an action brought by the plaintiff against the defendant to recover damages for injuries alleged to have been sustained by the plaintiff through the negligence of the defendant.

The only errors relied upon by the plaintiff for the reversal of the judgment are errors alleged to have been committed by the trial court in the giving of certain instructions which were given at the request of the defendant. None of the evidence has been incorporated in the bill of exceptions. The only reference

to the evidence which appears in the bill of exceptions is contained in the following recital:

"And thereupon, the plaintiff to maintain the issues on her part introduced and gave in evidence testimony and other evidence which fairly tended to prove the allegations of, and the cause of action alleged and stated in each and every count of the original declaration and additional counts filed in this cause; and thereupon, the defendant introduced and gave in evidence testimony and other evidence which fairly tended to disprove the allegations of, and the cause of action alleged and stated in each and all of said counts; in other words, the said testimony and evidence which tended to prove, and the said testimony and evidence which tended to disprove, the allegations of, and the cause of action alleged and stated in each and all of said counts was conflicting."

Since the only errors assigned by the plaintiff relate to questions of law and not of evidence, the recital in the bill of exceptions was sufficient, and the incorporation of the evidence in the bill of exceptions was not necessary. *Brown v. Schintz,* 202 Ill. 509, 513; *Costly v. McGowan,* 174 Ill. 76, 79; *Illinois Cent. R. Co. v. O'Keefe,* 154 Ill. 508, 513; *Schmidt v. Chicago & N. W. Ry. Co.,* 83 Ill. 405, 412; *Johnson v. City of Chicago,* 189 Ill. App. 32, 33; *Sears, Roebuck & Co. v. Winchester Repeating Arms Co.,* 178 Ill. App. 318, 321; *Tipton v. Schuler,* 87 Ill. App. 517, 519; *Pennsylvania Co. v. Swan,* 37 Ill. App. 83, 85. If, however, an erroneous instruction complained of by the appellant is rendered harmless when considered in connection with all of the evidence, the appellee may require the appellant to incorporate all of the evidence in the bill of exceptions. *Tipton v. Schuler, supra* (p. 519); *Sears, Roebuck & Co. v. Winchester Repeating Arms Co., supra* (p. 321); *Johnson v. City of Chicago, supra* (p. 33).

The facts alleged in the declaration are substantially as follows:

"Plaintiff alleges that long prior to and on, to-wit: May 10, 1924, the defendant possessed and operated a large fashionable hotel known as, to-wit: The Drake, in the County and State aforesaid; and it had a certain large ballroom in said hotel, which it provided, among other purposes, for the use of leagues, associations, and societies in which to conduct luncheons and entertainments.

"And plaintiff further alleges that prior to the date aforesaid, defendant contracted and agreed with the Catholic Woman's League, a social or fraternal association, to furnish and provide for the use of said league, and for a good and valuable consideration, the use of said ballroom and suitable tables, platform, equipment and service on the date aforesaid, to enable said League to conduct a large luncheon and entertainment in said ballroom; and it was then and there agreed by and between defendant and said League, that defendant should furnish, provide and serve in said ballroom, lunches for the members of said League, and its guests, on the date aforesaid, for a stipulated price per plate to be paid to defendant.

"And plaintiff further alleges that defendant under and in pursuance of said contract or agreement with said League, provided for the use of said League upon the date aforesaid, among other things, a certain long, narrow, elevated platform extending along, parallel with and against, to-wit: the east wall of said ballroom, and with the front side or edge of said platform facing the center of the room; and it placed and provided a long table upon, along, and near and parallel with the front side or edge of said platform; and it placed and provided a great many chairs, to-wit: thirty, upon said platform and immediately behind said long table; and it thereby left a narrow passageway upon and along, and parallel with, and near the

rear side or edge of said platform, for persons to walk upon or stand upon during said luncheon and entertainment.

"And plaintiff further alleges that there were certain recesses in said east wall, to-wit: 3 or 4 feet in length parallel with said platform, and about, to-wit, 2 or 3 feet in depth, or at right angles to said platform; and plaintiff alleges that unless the floor of said recesses were raised up to the level of said platform, or there were barriers placed along the rear side or edge of said platform across said recesses, there was great likelihood and danger of persons who should be standing upon, or walking upon and along said narrow passageway between the back of said chairs and the rear edge of said platform, accidentally stepping off the rear edge of said platform and down into said recesses; and said platform was not reasonably suitable or safe for use without the floor of said recesses being made level with the floor of said platform, or without a barrier or barriers extending along the rear edge of said platform and across said recesses as aforesaid; and all of which facts, plaintiff alleges, defendant prior to and then and there knew, or by the exercise of ordinary care, would have known; yet, plaintiff alleges, that defendant prior to and on the date aforesaid, wrongfully and negligently failed and neglected to so elevate the floor of said recesses, or to place a barrier or barriers across said recesses as aforesaid, but of which condition of said platform and recesses and lack of a barrier or barriers as aforesaid, plaintiff, through no want of ordinary care upon her part, did not know prior to the time of her injuries hereinafter complained of.

"And plaintiff further alleges that she was a member of said League and a guest of said League at said luncheon and entertainment, and she was obligated to pay the stipulated sum charged for the lunch provided and served to her and plaintiff further alleges

that while she was so in attendance at said luncheon and entertainment, she rightfully stood upon and walked upon and along said narrow space between the back of said chairs and the rear edge of said elevated platform; and as a direct and proximate result and in consequence of the floor of said recesses not being elevated to the level of said platform and of there being no barrier or barriers across said recesses as aforesaid, she accidentally stepped off of said platform down into one of said recesses, although, she alleges, she was prior to and then and there, in all respects, exercising ordinary care for her own safety; and by means of the premises, her left hip bone, and the neck thereof, and divers other bones, ligaments, muscles, tendons and membranes of her limbs and body were thereby then and there sprained, dislocated, fractured, broken, and otherwise injured.''

The declaration further alleges in a separate count that the defendant negligently permitted the passageway to be lighted improperly and insufficiently, and that as a consequence persons walking along the passageway would not observe, except on close inspection, the fact that the floor of the recess was below the level of the top of the platform.

It is first objected by counsel for the plaintiff that the trial court erred in giving an undue number of instructions at the request of the defendant.

The trial court gave 28 instructions, seven at the request of the plaintiff and twenty-one at the request of the defendant.

The practice of giving an excessive number of instructions has been repeatedly condemned. *Asmossen v. Swift & Co.*, 243 Ill. 93, 98; *City of Salem v. Webster*, 192 Ill. 369, 374; *Adams v. Smith*, 58 Ill. 417, 419; *Wood v. Illinois Cent. R. Co.*, 185 Ill. App. 180, 184; *Kravitz v. Chicago City Ry. Co.*, 174 Ill. App. 182, 186; *Chicago City Ry. Co. v. Sandusky*, 99 Ill. App. 164, 168, 169, 170; *Nelson v. Chicago City Ry. Co.*, 163 Ill. App. 98,

102. In the case of *Adams v. Smith, supra,* the court said (pp. 418, 419):

"The series of instructions given, comprised the number of eighteen. They are very lengthy, and argumentive in style. * * * We do not understand why it is that counsel, where they have a good cause, will seek to encumber it with such a multitude of instructions, the almost invariable effect of which is, to introduce manifest error into the record. Such a practice does not enlighten the minds of a jury on the issues submitted to them, but rather tends to introduce confusion. Instructions should always be clear, accurate and concise statements of the law as applicable to the facts of the case. It was never contemplated, under the provisions of the practice act, that the court should be required to give a vast number of instructions, amounting, in the aggregate, to a lengthy address. It is a mischievous practice, and ought to be discontinued. A few concise statements of the law applicable to the facts, are all that can be required, and are all that can serve any practical purpose in the elucidation of the case."

In our opinion the number of instructions that were given in the case at bar at the request of the defendant was out of proportion to the issues involved, which were plain and simple.

It is further objected by counsel for the plaintiff that the trial court erred in giving an undue number of instructions at the request of the defendant, which concluded either with the phrase, "then you should find the defendant not guilty," or with the phrase, "then the plaintiff cannot recover," or with both phrases.

At the request of the defendant seven instructions were given which contained the phrases complained of, one of the seven containing both phrases.

The giving of an unnecessary number of such instructions has been disapproved of. *Nelson v. Chicago*

*City Ry. Co., supra* (pp. 102, 103); *Wood v. Illinois Cent. R. Co., supra* (pp. 180, 184). In the case of *Nelson v. Chicago City Ry. Co., supra,* the court said (p. 103):

"Considering the great number of instructions, the character and number of the repetitions of the same idea in them, we think they were well calculated to impress the jury with the thought that the court was against the plaintiff on the question of fact and that they might readily be misled to believe that in the opinion of the court they should find for the defendant. No legitimate reason appears for the repetition of the direction to find the defendant 'not guilty' so frequently."

We are of the opinion that an unreasonable number of instructions concluded in the form complained of.

Counsel for the plaintiff further contends that the trial court erred in giving at the request of the defendant an unnecessary number of instructions on the question of contributory negligence.

The trial court gave six instructions at the request of the defendant on the question of contributory negligence. The trial court is not required to give more than one instruction upon a particular subject. *East St. Louis & S. R. Co. v. Zink,* 229 Ill. 180, 190; *National Enameling & Stamping Co. v. McCorkle,* 219 Ill. 557, 562. If, however, a needless number of instructions are given on a subject, that fact will not be ground for reversal if the instructions are correct. *Carson, Pirie, Scott & Co. v. Chicago Rys. Co.,* 309 Ill. 346, 352. We think that the trial court gave too many instructions on the question of contributory negligence, and unduly emphasized that question.

Counsel for the plaintiff further makes specific objections to a number of the instructions given at the request of the defendant. In the view that we take of the instructions specifically objected to, it will be necessary to consider only the objection to the instruc-

tion referred to as No. 11. In respect of the specific objections to the other instructions, it will be sufficient to say that the objections to some of the instructions are well taken, but that in our opinion the errors are not of a substantial character.

Instruction No. 11 is as follows:

"The Court instructs the jury that before the plaintiff can recover in this case, she must prove by a preponderance or greater weight of the evidence each and all of the following propositions:

"1. That the defendant was guilty of some negligent act or omission charged by the plaintiff.

"2. That immediately before and at the time of the accident, the plaintiff was in the exercise of ordinary care for her own safety and that she did not, by any failure to exercise care for her own safety, cause or proximately contribute to cause, the accident.

"3. That the negligence of the defendant, if any, was the proximate cause of the accident.

"If the plaintiff has failed to prove each and all of the foregoing propositions by a preponderance or greater weight of the evidence, or if the evidence bearing on any or all of said propositions is evenly balanced or if the evidence bearing on either or all of said propositions preponderates in favor of the defendant, then the plaintiff cannot recover in this case and you should find the defendant not guilty."

In considering the instruction in question, since it is a peremptory instruction, the well-established rule must be borne in mind that the instruction must contain all of the elements necessary to warrant a verdict. *O'Day v. Crabb,* 269 Ill. 123, 133; *Illinois Iron & Metal Co. v. Weber,* 196 Ill. 526, 531.

The precise part of the instruction that is in controversy is paragraph 2. Counsel for the plaintiff has made a minute analysis of the paragraph. He contends that the paragraph reasonably is susceptible of several materially different interpretations, any one

of which would render the instruction erroneous and seriously prejudicial to the plaintiff. Counsel for the defendant maintain that the paragraph should not be construed hypercritically and artificially; that the proper test to be used in ascertaining its meaning is, "What would an ordinary person understand" it to mean? We think that that test is the correct one and it is the one we shall adopt in construing the paragraph.

In the view we take of the paragraph, we do not think it is necessary to state and discuss separately all of the different readings of the paragraph which counsel for the plaintiff has pointed out. It is sufficient to say that since the word "care" in the clause "by any failure to exercise care for her own safety," obviously should have been qualified by the word "ordinary," it follows that the paragraph is susceptible of at least two different interpretations. Whether these interpretations are both reasonable is the question to be determined. Or to express the idea in another way, Is the error in the paragraph a slight or a substantial one? Since the bill of exceptions does not contain the evidence, the doctrine of "harmless error" is inapplicable. If the error in the paragraph is a substantial one, we must assume that it was prejudicial. *Costly v. McGowan, supra* (p. 80); *Schmidt v. Chicago & N. W. Ry. Co., supra* (p. 412); *Johnson v. City of Chicago, supra* (p. 33); *Sears, Roebuck & Co. v. Winchester Repeating Arms Co., supra* (p. 321); *Tipton v. Schuler, supra* (p. 519). In the absence of a bill of exceptions containing the evidence, it would not be permissible for us to follow the rule which holds that although error may have intervened in the giving of instructions, the judgment should not be reversed where it is apparent that substantial justice has been done. *Pridmore v. Chicago, R. I. & P. R. Co.,* 275 Ill. 386, 396. Error will compel a reversal unless the record affirmatively shows that the error was not

prejudicial. *Crane Co. v. Hogan*, 228 Ill. 338, 340; *Told v. Madison Building Co.*, 216 Ill. App. 29, 51; *Casey v. Prudential Ins. Co. of America*, 162 Ill. App. 581, 586; *Melony v. Library Bureau*, 148 Ill. App. 437, 442. The rule is not that the court must see that the error worked injury to the party complaining, but that the court will not affirm where error has intervened unless it shall appear from the whole record that such error reasonably could not have affected the result. *People v. Michael*, 280 Ill. 11, 15, 16; *Kirby v. People*, 123 Ill. 436, 439.

If from the evidence it would appear that the error in the instruction in question was harmless, the defendant should have insisted on having the evidence incorporated in the bill of exceptions. *Tipton v. Schuler, supra* (p. 159); *Sears, Roebuck & Co. v. Winchester Repeating Arms Co., supra* (p. 321); *Johnson v. City of Chicago, supra* (p. 33).

We are of the opinion that the error in question was of a substantial character. The paragraph in controversy contains two clauses relating to the care required of the plaintiff. These two clauses are inconsistent, one defining the degree of care to be ordinary care, and the other leaving the degree of care undefined. It is contended by counsel for the defendant that the jury manifestly would have understood that the care in the second clause meant ordinary care only. We do not think that fairly it can be contended that the jury manifestly would have adopted such a construction. It may be reasonable to suppose that the jury would have supplied the word "ordinary" that was omitted from the second clause. On the other hand, it would also be a reasonable supposition that the jury understood both clauses to mean just what they import, and that it was not necessary to supply the omitted word "ordinary" in the second clause; in other words, the jury reasonably might have assumed that the two clauses were independent of each other and

that each should be considered as imposing a different duty on the plaintiff as to the degree of care required by the plaintiff; that the first clause, when considered in connection with the first and last paragraphs of the instruction, was intended to mean that, before the plaintiff could recover, she was obliged to prove by a preponderance of the evidence that she exercised ordinary care, even though the evidence did not show that the accident was proximately caused by her failure to use ordinary care; and that the meaning of the second clause, when considered in connection with the first and last paragraphs of the instruction, was that if the accident was proximately caused by the plaintiff's failure to use any degree of care whatever, the plaintiff could not recover. It will be observed that by the last paragraph of the instruction the plaintiff is required to prove "each and all" of the "propositions" in the instruction. Since in our opinion the instruction reasonably is susceptible of two different interpretations, according to one of which the instruction would be correct, and according to the other erroneous, it would be a matter of conjecture, and not of probability, as to whether the jury adopted the construction that would render the instruction correct.

According to the well-settled rule, since the instruction is a peremptory one, the error in the instruction cannot be cured by any other instruction in the series of instructions. *Cantwell v. Harding*, 249 Ill. 354, 358; *Cromer v. Borders Coal Co.*, 246 Ill. 451, 457; *Illinois Iron & Metal Co. v. Weber, supra* (p. 531).

For the reasons stated in our opinion, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.