Henry Tomlin, Appellee, v. George Miller, Appellant.

Gen. No. 10,246.

Opinion filed October 14, 1948.
Released for publication November 2, 1948.

HENRY KNELLER and CLARENCE W. HEYL, both of Peoria, for appellant.

OTTO FREDERICK and KNOBLOCK, McCONNELL & KENNEDY, all of Peoria, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Henry Tomlin attended a rodeo which was operated and controlled by George Miller, on his farm in Peoria county, Illinois. During the exhibition of a bucking bronco, Mr. Tomlin was seriously injured, and he brought suit in the circuit court of Peoria county, against George Miller for the injuries he had sustained. He procured a judgment of $6,000. George Miller has perfected an appeal from that judgment to this court.

The plaintiff filed a verified complaint charging in

substance that the defendant, George Miller, on August 12, 1945, was operating a rodeo on his farm where various men rode wild, or untamed bucking horses; that the general public was invited to attend these exhibitions; that an admission fee was charged everyone who attended the exhibition; that the plaintiff paid his admission fee, and attended the exhibition on that date, and was injured when one of the horses jumped the fence surrounding the enclosure in which the rodeo was staged, and in so doing, broke or dislodged a portion of the fence, which struck the plaintiff on the head and, inflicted serious injuries upon him.

Various acts of negligence of the defendant were charged in conducting the rodeo. First, that it was the duty of the defendant to furnish a reasonable, safe and secure place from which the plaintiff could witness the exhibition. Second, that there was a duty on the defendant to provide a fence of sufficient height and strength to prevent the animals on exhibition from escaping therefrom. Third, that there was a duty on the part of the defendant to provide a sufficient number of attendants to guard the enclosure, and to prevent the animals from escaping, or breaking through the fence, and thereby injuring the spectators. Fourth, that it was the duty on the part of the defendant to provide and furnish competent riders for the bucking broncos and wild horses on exhibition. Plaintiff charged that the defendant failed in all of these duties. The plaintiff also alleged in each count of his complaint that at the time of the accident in question, he was in the exercise of due care and caution for his own safety.

The defendant filed his answer in which he admits the ownership of the premises on which the rodeo was held; that the public was invited to attend these exhibitions and a price of fifty cents was charged each person attending; that the horses used in the exhibition were his. He admits that the horse which caused the

injury to Mr. Tomlin was owned by him, but denies that the horse was in his possession and control at the time. He admits that the horse jumped the fence to escape from the enclosure, and that the horse struck a portion of the fence, and the same was dislodged, and struck the plaintiff, but denies that the fence was broken, or that the plaintiff was injured as claimed. The defendant does not admit, or deny that it was his duty to provide a reasonably safe place for the plaintiff to witness said exhibition. He denies that the plaintiff was in the exercise of ordinary or reasonable care for his own safety at the time of the accident in question.

It is insisted by the defendant that the court erred in denying his motion to dismiss the complaint, because it did not state a cause of action; that there was no evidence of negligence on the part of the defendant, and the motion should have been sustained when it was renewed at the close of all of the evidence. The evidence shows that the plaintiff, with his family, attended this rodeo; that the arena was surrounded by a pole corral, which consisted of small poles spiked to upright posts. At one end were the chutes where the bucking broncos and steers were released, and at the other end a gate. There were no seats provided for the audience, but the rodeo was held on level ground next to which was an elevation to the south, and many of the spectators sat, or stood on this elevation, but a great many stood by, or near the fence around the corral. The defendant claims that there was a loud-speaker over which the people were told to get away from the fence, and the gate, especially the gate, before each animal was being ridden. The plaintiff and several of his witnesses say that they heard no such announcements. The plaintiff was standing at, or near the gate when a Montana bronco, which never had been ridden before, was turned loose with no bridle, or anything to guide it. The rider

succeeded in staying on the bronco, which headed for, and ran through the gate, at which time the rider either jumped, or was thrown from the bronco, and the pole in question hit the plaintiff, and seriously injured him.

■ There is no question raised about the amount of the verdict being excessive, so it was purely a question of fact for the jury to decide the issues, and if there is no error in the refusal of the court to give defendant's tendered instructions Nos. 22 and 23, the judgment should be affirmed. We think that the evidence fully sustains the charge that the plaintiff was in the exercise of ordinary care for his own safety, and that the defendant was guilty of negligence, as charged in the complaint.

■ ■ In appellant's statement of facts, we find this language: ''The undisputed evidence shows that every person attending the rodeo, including the plaintiff, had full knowledge of the dangerous character of the bucking bronco, and that it was wild and untamed, and would be ridden without a bridle to restrain it, and was liable to jump the fence, or break through. The spectators came to the rodeo to be entertained by a performance of this character. This was what they paid to see, what they expected to see, and would have been disappointed if the animals had not been wild and untamed; that there were advertisements published in the newspapers and handbills advising the public that the rodeo would consist of a performance made up of bucking horses, bucking broncos and bucking steers.'' If the public knew the dangerous propensities of these broncos, certainly Mr. Miller had the same knowledge, and it was his duty to exercise that degree of care and caution for the safety of plaintiff and other spectators at said rodeo, that an ordinarily careful and prudent person would have exercised under the same, or similar circumstances in furnishing a reasonably safe place for plaintiff and other spectators

to veiw said rodeo. It is a well-known fact that at such exhibitions the crowd gathers around the rodeo fence to get a better view of the performance, and under such circumstances the defendant must use a high degree of care to protect the public from injury (62 Corp. Jur. 867).

It is argued by the appellant that the court erred in not giving defendant's refused instructions Nos. 22 and 23. Instruction No. 22 assumes that if Henry Tomlin was warned over the loud-speaker system that it was not safe to remain near the south gate of the enclosure, and that other spectators were warned to leave the vicinity of the south gate, and that Henry Tomlin remained at, or near the said south gate after being so warned, then the verdict of the jury must be in favor of the defendant. It wholly omits to say that standing there, was negligence on the part of the plaintiff, which contributed to his injuries. Instruction No. 23 is subject to the same criticism.

Another reason why it was not error for the trial court to refuse these two instructions, is that the defendant tendered twenty other instructions, seven of which directed a verdict, that under certain circumstances, they were to find the defendant not guilty. Such practice has been repeatedly condemned. *Nelson v. Chicago City Ry. Co.*, 163 Ill. App. 98; *Wood v. Illinois Cent. R. Co.*, 185 Ill. App. 180; *Daubach v. Drake Hotel Co.*, 243 Ill. App. 298 and *East St. Louis & S. R. Co. v. Zink*, 229 Ill. 180.

It is insisted by the appellant that counsel for appellee made inflammatory statements in his argument to the jury, and that for this reason, the defendant did not have a fair and impartial trial. The objection was to plaintiff's attorney making an illustration that if a passenger on a railroad train was injured in a wreck, it could not be contended by the railroad company that the plaintiff knew that the train was going to run at a high rate of speed, and therefore the defendant would not be liable for plaintiff's in-

juries. From the record, which contains the argument objected to, it is our conclusion that it was not prejudicial to the defendant, and that he was not trying to convey the idea to the jury that Mr. Miller was required to exercise that high degree of care towards the plaintiff that a railroad would be held to, for the injury of a passenger on its train.

We find no reversible error in this case, and the judgment is affirmed.

*Judgment affirmed.*